WILLIAM E. DECKER, PLAINTIFF AND RESPONDENT, v. GEORGE W. SMITH AND COMPANY, A CORPORATION, DEFENDANT AND APPELLANT.

Submitted December 6, 1915—Decided March 6, 1916.

1. A consideration is necessary to render an accord and satisfaction valid.

2. To constitute a valid accord and satisfaction it is essential that the debtor shall have offered what was given, and the creditor shall have accepted it with the intention that it shall operate as a satisfaction. The intention of the parties must be determined from all the circumstances attending the transaction.

3. Where the debt is *liquidated or certain and is due,* payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration.

4. Where a claim is *unliquidated or in dispute,* payment and acceptance of a less sum than claimed in satisfaction, operates as an accord and satisfaction.

5. The acceptance "on account" by a creditor of a check declared by the debtor to be in full payment, when in fact the debt was a *liquidated demand concededly due,* does not constitute an accord and satisfaction.

6. Where a claim is *disputed or unliquidated,* and the tender of a check in settlement thereof is of such a character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction.

7. The payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction unless there is a *bona fide* dispute or controversy as to the debtor's liability, or as to the amount due from him, or unless the damages are unliquidated.

8. Where the evidence is conflicting, or the legitimate inferences arising therefrom are conflicting, as to whether or not there was a *bona fide* dispute as to the amount of the plaintiff's claim, the question whether there was an accord and satisfaction depending upon such dispute, is for the jury.

9. Where there is no ambiguity in a written contract, it is the province of the court, and not of the jury, to determine its meaning.

10. A stipulation made in open court is binding upon the parties thereto, and the trial judge is justified in charging the jury in accordance therewith.

11. Parol evidence is inadmissible to show that the parties at the time agreed to something else that enlarges or modifies the contract then written.
12. Papers which are produced on notice and submitted to the inspection of the other side become by reason of such production and inspection evidence for both parties at the trial.

On appeal from the Supreme Court.

For the appellant, *Peirce & Hoover.*

For the respondent, *J. Emil Walscheid.*

The opinion of the court was delivered by

TRENCHARD, J.    David E. Kennedy, Inc., a corporation of New York, entered into a contract with George W. Smith & Company, a corporation of New Jersey, to do certain cork flooring, required by Smith & Company's contract with the trustees of Princeton University, for which the Kennedy Company was to receive $3,600. Certain payments were made on account, leaving due $357.60. This claim was assigned by the Kennedy Company to Decker, who brought this suit therefor.

The defendant company filed a counter-claim based upon an alleged supplemental agreement that it was to be allowed, in deduction from the contract price, for the omission of certain parts of the flooring under the dressers and counters, the cost of which amounted to $317.60, and a further counter-claim for $40 for work on the dresser and drawers which the defendant says it was obliged to do because of the negligent performance of work by the plaintiff's assignor. The defendant also set up accord and satisfaction.

The trial, at the Hudson Circuit, resulted in a verdict for the plaintiff's claim, less the counter-claim of $40, and the defendant appeals from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

The first point argued is that the trial judge erred in refusing to direct a verdict for the defendant on the ground that there was an accord and satisfaction.

We think the point is not well taken.

A consideration is necessary to render an accord and satisfaction valid. The consideration may present itself in many different shapes, but in some form or other it must be found. There must be some advantage, or presumed or assumed advantage, accruing to the party who yields his claim, or some detriment to the other party. *Daniels* v. *Hatch,* 21 *N. J. L.* 391; 1 *C. J.* 528.

To constitute a valid accord and satisfaction it is essential that the debtor shall have offered what was given, and that the creditor shall have accepted it with the intention that it should operate as a satisfaction. The intention of the parties, which is, of course, controlling, must be determined from all the circumstances attending the transaction. *Morris Canal, &c., Co.* v. *Van Vorst,* 21 *N. J. L.* 100; *Oliver* v. *Phelps,* 20 *Id.* 180; *Rose* v. *American Paper Co.,* 83 *Id.* 707; 1 *C. J.* 529, 530. See, also, *Cooke* v. *McAdoo,* 85 *N. J. L.* 692.

Where the debt or demand is *liquidated or certain and is due,* payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. *Castelli* v. *Jereissati,* 80 *N. J. L.* 295; *Roberts* v. *Banse,* 78 *Id.* 57; *Gussow* v. *Beineson,* 76 *Id.* 209; *Eckert* v. *Wallace,* 75 *Id.* 171; *Chambers* v. *Niagara Fire Insurance Co.,* 58 *Id.* 216; *Line* v. *Nelson,* 38 *Id.* 358; *Braden* v. *Ward,* 42 *Id.* 518; *Daniels* v. *Hatch,* 21 *Id.* 391; 1 *C. J.* 539.

But where a claim is *unliquidated, or in dispute,* payment and acceptance of a less sum than claimed in satisfaction, operates as an accord and satisfaction. The concession made by one of the parties is a good consideration for the concession made by the other, or, as otherwise expressed, the fact of the uncertainty of the claim or an *honest* difference as to what is due on an unliquidated demand furnishes the consideration. *Rose* v. *American Paper Co.,* 83 *N. J. L.* 707; 1 *C. J.* 551, 552, 553.

In the case at bar, the alleged accord and satisfaction is rested mainly upon the following matters of fact:

The defendant sent plaintiff's assignor a check for the balance due less the counter-claims. On the back of the check was written, "the payee by endorsement accepts this voucher check in full payment of the following account," and this endorsement was followed by a statement of a prior cash payment, the check, and a "charge" of the counter-claims. The check was enclosed with a separate statement, to the same effect, but no letter accompanied them. The plaintiff's assignor crossed out the charge of the counter-claims upon the back of the check, endorsed and deposited it for collection, and notified the defendant that it was accepted "on account." The check was paid in due course.

Now, the acceptance "on account" by a creditor of a check declared by the debtor to be in full payment, when in fact the debt was a liquidated demand concededly due, does not constitute an accord and satisfaction. *Eckert* v. *Wallace,* 75 *N. J. L.* 171.

Where, however, a claim is *disputed, or unliquidated,* and the tender of a check in settlement thereof is of such a character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. *Rose* v. *American Paper Co., supra;* 1 *C. J.* 562.

The trial judge sent the case to the jury on the question whether or not there was a dispute between these parties with respect to the items represented by the counter-claims.

The defendant, as we have pointed out, by its pleadings and evidence, claimed two separate and distinct disputes and counter-claims, one for $40 damages arising out of negligent performance of the work done by the plaintiff's assignor; the other, for $317.60, arising out of an agreement alleged to have been made for an allowance for cork tile not laid under dressers.

The defendant did not ask for the withdrawal from consideration by the jury of these items separately.

The court instructed the jury that if they found for the plaintiff on *both* items of alleged dispute, then their verdict should be against defendant for $381.63. The jury found for plaintiff for $341.63—$40 less than the total claim of plaintiff.

It is now to be considered whether or not, before the check was tendered, there had arisen an honest and *bona fide* dispute between the parties as to the amount due, for the rule is that the payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction unless there is a *bona fide* dispute or controversy as to the debtor's liability, or as to the amount due from him, or unless the damages are unliquidated. 1 *C. J.* 554.

While it is not necessary that the dispute or controversy should be well founded, it is necessary that it should be *in good faith*. Without an *honest* dispute, an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void. An arbitrary refusal to pay, based on the mere pretence of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule. 1 *C. J.* 554, 555.

That the claim of the plaintiff was for a sum certain, that it was liquidated and that it was past due, is not disputed. Under these circumstances, the defendant could not prevail in its motion for a direction of a verdict unless it conclusively appeared that there was an honest, *bona fide* dispute as to the amount due the plaintiff on its claim.

We think it did not so conclusively appear. The testimony of the defendant, in view of its admission that "it is our usual form whenever we pay our bills to say it is in full to date; if there is any that is not paid for, back comes the check; then we straighten it out and send another one," taken in connection with the testimony of the plaintiff, when we consider that the credibility of the witnesses was for the jury, we think raised a jury question whether or not there was an honest, *bona fide* dispute as to the plaintiff's claim. Where, as here, the evidence is conflicting, or the legitimate inferences

arising therefrom are conflicting, as to whether or not there was a *bona fide* dispute as to the amount of the plaintiff's claim, the question is for the jury.

It is said that the trial court erroneously refused to allow the defendant to show that the contract between the Kennedy Company and the defendant was modified by a supplemental contract. But this is not well founded, in fact. There was no such refusal.

It is next said that the trial judge erred in instructing the jury that "this contract means that that room was to be furnished in wood." But this contention is erroneous in law. There was no ambiguity in the written contract, and it was the province of the court, and not of the jury, to determine its meaning.

It is next said that the trial judge erred in charging the jury that the plaintiff's assignor had performed its contract. Not so. The evidence conclusively shows that it performed its contract. Moreover, the parties stipulated in open court that "all the work included in this contract has been performed." Of course, this was binding upon the party who made it, and the trial judge was quite justified in charging the jury in accordance therewith.

There is no merit in the contention that the trial judge erred in overruling evidence of conversations preceding the execution of the contract, for, of course, the rule is that parol evidence is inadmissible to show that the parties at the time agreed to something else that enlarges or modifies the contract then written.

The defendant also contends that it was erroneous to admit in evidence a letter written to the plaintiff's assignor ·by one alleged to be its agent. Not so. Where, as in the present case, a paper is produced on notice and submitted to the inspection of the other side, it becomes, by reason of such production and inspection, evidence for both parties, on the ground that to allow a party, after requiring his adversary to produce the paper, and after inspecting it, to insist on excluding it, would give him an unfair advantage. *Ellison* v. *Cruser,* 40 *N. J. L.* 444.

These conclusions, in effect, dispose of every question argued.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, JJ. 10.

*For reversal*—SWAYZE, PARKER, WILLIAMS, JJ. 3.