KATHARYN A. KISSELL ET AL., PARTNERS, RESPOND-
ENTS, v. MYER & BUSH COMPANY, A CORPORATION,
APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

An accord and satisfaction, like all bilateral contracts, is evidenced
by the mutual meeting of the minds of the parties, and if the
creditor is to be held to abate his claim or change his legal status
against his debtor, it must be shown that he understood, or should
have understood, that he was doing so when he received the con-
sideration claimed for that purpose.

On appeal from the Supreme Court.

For the respondents, *William M. Goldweber* and *Philip J.
Schotland.*

For the appellant, *Stein, Stein & Hannoch.*

The opinion of the court was delivered by

MINTURN, J. The complaint alleged a book account for
goods sold and delivered, consisting of poultry, for the sum
of $5,451.24. Upon this a credit was allowed to the amount
of $3,975.81. The defence alleged was that the quantity of
goods shipped was greater than that contracted for; that
when the goods arrived at Newark, their destination, from
Chicago, the place of shipment, they were in such bad condi-
tion that it became necessary to summarily sell them, which
was done with the consent of the plaintiffs, and the amount
realized from the same was turned over to the plaintiffs, less
freight and commission charges. From this situation the
defendant argued that it occupied no longer the status of
purchaser, at a fixed price, but by force of circumstances, as
well as by the consent of the plaintiffs, expressed in writings
and dispatches, it occupied the legal status of a commission
broker or factor, responsible only to the plaintiffs for the

amount realized upon the sale. The case went to trial upon that issue, was determined upon that legal theory, and the jury found for the plaintiffs for the balance due upon the purchase price as shown by the book account.

The effect of this defence essentially was to substitute a second contract for the original agreement; and its further effect, if defendant's theory of the creation of a substituted contract, by the acts and writings of the parties was to be credited, was to accept the defendant's claim of payment as a plea in bar, by way of accord and satisfaction.

An accord and satisfaction, like all bilateral contracts, is evidenced by the mutual meeting of the minds of the parties; and, as has been held in a number of well-considered cases, if the creditor is to be held to abate his claim or change his legal status against his debtor, it must be shown that he understood, or should have understood, that he was doing so when he received the consideration claimed for that purpose. *Brooklyn Bank* v. *DeGrauw,* 23 *Wend.* (*N. Y.*) 342; *Fuller* v. *Kemp,* 138 *N. Y.* 231; *Pomeroy* v. *Prescott,* 106 *Me.* 401; *Baker* v. *Safe Deposit Co.,* 90 *Md.* 744; 1 *R. C. L.* 12, and cases cited; *Rose* v. *American Paper Co.,* 83 *N. J. L.* 707; *Decker* v. *Smith,* 88 *Id.* 630; 1 *C. J.* 583, and cases cited; *Lorentowicz* v. *Bowers,* 91 *N. J. L.* 225.

Upon those issues the learned trial court properly sent the case to the jury, since both controversies presented essentially questions of fact.

The judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.