BLOOMFIELD MOTOR SALES COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. VIOLA K. DELANEY, DEFENDANT-APPELLANT.

Submitted January term, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent (no appearance or brief filed).

For the appellant, *William F. Delaney* (*George D. Mulligan,* of counsel).

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff below in the sum of $100. The case was tried in the District Court of the First Judicial District of Essex county.

The state of demand discloses that the plaintiff below sued on a book account, alleging the sum of $100 to be due and owing for repairs to an automobile. The record comes before us on an agreed state of case and it appears that the defendant's automobile was in collision with another car and damaged; that the car was sent to the shop of the plaintiff company and the defendant testifies that the plaintiff, through its president, gave her a price of $175 as the cost of making repairs and the defendant then authorized plaintiff to proceed with the work. After the repairs were made plaintiff sent Mrs. Delaney, the defendant, a bill for $275. She immediately phoned, reminding the garage company that it had

agreed to do the work for $175 and that the bill was incorrect and that the president, Mr. O'Mara, then said: "That is all right, Mrs. Delaney, I quoted you $175 but to the insurance man $275." The defendant received a further bill of $275 and a demand for payment. Thereupon an intermediary, a Mr. Kirby, at the request of the defendant, went to see the plaintiff about the bill and thereafter on October 10th, 1930, the defendant received a letter from the plaintiff which in part reads as follows:

"Mr. Kirby called this morning and gave us his check for $175 to be applied on your account.

"We told Mr. Kirby that we would agree to accept settlement of this claim for the unpaid balance based on the following agreement, that is, if you receive the total amount of the bill, $275, from the company (meaning an insurance company) that writes your collision insurance and otherwise, and in addition to that $200 for depreciation to your automobile, that you in turn reimburse us for the remainder of the bill $100. * * *"

Mr. Kirby thereupon reported to the defendant that he had paid $175 to the plaintiff by his check and the defendant immediately reimbursed him. It was then shown that the defendant had received from the insurance company $375 in settlement of her property damage. This evidence was objected to. However, as we view the case, it was clearly material since by the letter above quoted, the plaintiff agreed that it would claim the additional $100 only, if $275 were allowed for repair and $200 for depreciation.

The check of the insurance company for $375 was offered in evidence and received as an exhibit in the case. While it is true that the plaintiff denied that it had made any agreement with the defendant to do the work in question for the sum of $175, yet it is obvious that there was dispute between these parties as to whether or not such an agreement, in fact, was made. The defendant so testified in court that such agreement was made while the plaintiff, so far as this record goes, was content to merely deny that an agreement was made. He does not testify that he quoted any price nor does he say what the conversation was between himself and the defendant.

This much, however, is clear from the plaintiff's letter, quoted above, that after the dispute arose the plaintiff did agree that if the defendant received a settlement of $475 from the insurance company, that is, $275 for repairs and $200 for depreciation, it would expect to receive the additional sum claimed. It is evident, from the exhibit above referred to, that the minds of the parties met on a new proposal, the plaintiff making it and the defendant acquiescing, that if the defendant's claim against the insurance company was settled for $375 instead of the larger amount, that the payment of $175 already made would be in satisfaction of the plaintiff's claim, but that conditionally, if the defendant received the large amount the additional claim of $100 would be honored by the plaintiff.

The effect of the defendant's settling with the insurance company turned out adversely to the plaintiff's proposition. Therefore, in our view, the plaintiff could not justly demand the extra sum, contrary to its own proposal.

Here the amount of the claim was in dispute, the price quoted being sharply in issue and the acceptance of the amount paid (although acknowledged merely as on account of the whole bill) coupled with the inescapable inference from the plaintiff's own proposal that it would be in full satisfaction unless the defendant received a settlement of $475 from the insurer, made for a complete accord and satisfaction when it appeared that the defendant settled with the insurer for the lesser sum.

Where a claim is in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction. *Decker* v. *Smith,* 88 *N. J. L.* 630; 96 *Atl. Rep.* 915.

The judgment will be reversed and a *venire de novo* may issue.