**SCHICK DRY SHAVER, Inc., et al. v. GENERAL SHAVER CORPORATION et al.**

No. 2658.

District Court, D. Connecticut.

Dec. 30, 1938.

Cooper, Kerr & Dunham, by Drury W. Cooper and Abraham Tulin, all of New York City, for plaintiffs.

Fish, Richardson & Neave, Henry R. Ashton and Samuel E. Darby, Jr., all of New York City, and George H. Cohen and Thomas J. Spellacy, both of Hartford, Conn., for defendants.

THOMAS, District Judge.

This matter is now before the Court on defendants' application to show cause "why further testimony should not be taken herein and the parties further heard".

The facts which led up to the signing of the rule are set forth at length in the plaintiffs' return to the order. They may be briefly summarized and are as follows:

1. The last brief was received by the court on or about April 14, 1938, and the case was under consideration by the court when, on November 16, 1938, a letter was received by the court and signed by Mr. Tulin which is set forth in full as Exhibit 1 in the plaintiffs' return to the rule. Briefly, the letter called attention to the fact that Judge McCormick, in the Southern District of California, had filed his opinions in two cases, Schick Dry Shaver v. Nicholl, 21 F.Supp. 731, and Schick Dry Shaver v. Motoshaver, 21 F.Supp. 722, the decision in each case being favorable to the plaintiffs.

2. On November 17, 1938, Mr. Tulin personally presented to the Court the two opinions filed by Judge McCormick in the two cases above mentioned. Mr. Tulin had in his possession plaintiffs' briefs filed with Judge McCormick and at the Court's suggestion they were left with the Court.

3. From April 14, 1938 to November 16, 1938, therefore, the case was sub judice. No decisions had been filed.

4. On November 21, 1938, another letter was written by Mr. Tulin and received by the Court on November 22, 1938, calling attention to the correction by Judge McCormick of a clerical error in his findings. See Exhibit 3 in plaintiffs' return to the rule.

5. On December 4, 1938, counsel for defendant wrote the Court a letter which was received December 5, 1938 with which letter were submitted certain affidavits and exhibits for such consideration and such action as may be required. See Exhibit 5 in plaintiffs' return to the rule.

6. On December 8, 1938, plaintiffs' counsel made reply as fully set forth in Exhibit 6 of the return, requesting that contempt proceedings be initiated by the court, and that the documents, letters, affidavits and exhibits be stricken from the files for scandal and impertinence, with the citation of certain cases purporting to sustain their position.

7. On said 8th day of December, 1938, this Court wrote Mr. Tulin a letter, which

crossed his of the same date, suggesting certain procedure. Copy of the letter in full is marked Exhibit 7.

8. On December 15, 1938, counsel for plaintiffs wrote the Court a nine page letter fully set forth in Exhibit 8 in plaintiffs' return respectfully declining either alternative offered the plaintiffs by the court and renewing their request set forth in their letter of the 8th to initiate contempt proceedings and to strike from the files the letters, affidavits and exhibits above referred to, and citing thirty-one cases to support their claim, together with a request for a ruling by the Court with reference to the requests set forth in each letter.

9. On December 21, 1938, this Court, in view of the correspondence above recited, issued the rule to show cause returnable December 29, 1938, at 2 o'clock in the after-noon at which time all counsel were present and oral arguments submitted.

The cases cited in the plaintiffs' letters of December 8th and December 15th are not applicable to the questions before us and this conclusion was pointed out by the Court at oral argument. The cases cited deal with situations arising after decision was rendered or after verdict, or after judgment was entered, and none, so far as I can find, deal with a case where the facts were as the facts are here.

This is not a case where a motion is made for a new trial on the ground of newly discovered evidence, but plaintiffs' argument and the cases cited assume that it is, and all the cases cited deal with situations which arose after verdict, or after judgment or after decision, and it clearly appears from all the cases cited that the courts were considering motions made after the case had been decided, and they all held, generally, that it must appear, in order that a new trial may be granted upon the ground of newly discovered evidence, (1) that the evidence has been discovered since the trial; (2) that it could not have been discovered before the trial by the exercise of reasonable diligence; (3) that it is material in its object, and such as ought on another trial to produce an opposite result on the merits; and (4) that it is not cumulative, corroborative or collateral. But such is not the case now under consideration. No decision has been rendered here, while in all the cases cited the proceedings taken were after decision was rendered whether by court or jury.

Rule 59 of the new rules on civil procedure, 28 U.S.C.A. following section 723c, is cited by plaintiffs. The heading is New Trials. This is not a motion for a new trial, nor could there be one because the old case is still open and undecided. Subsection (d) of Rule 59 is cited by the plaintiffs and it reads: "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

I see no application of that rule to the case at bar. There has been no judgment entered. In fact Rule 59 and its sub-headings are all discussing new trials after decision, or after judgment.

Reference was made by both sides in argument to that part of Rule 1 which provides that the new rules "shall be construed to secure the just, speedy, and inexpensive determination of every action" and with that provision no one can complain.

After consideration of all the arguments advanced by able counsel, I conclude, on all the requests presented in the correspondence above set forth, and upon the issues presented by the rule to show cause and the plaintiffs' return and the oral arguments that—

1. The request to initiate contempt proceedings should be denied.

2. The request to strike from the files the letters, exhibits and affidavits should also be denied.

3. While the contents of the affidavits and the exhibits are not evidence, they are at least sufficient to raise in the mind of the Court doubts as to many of the fundamental and basic claims and issues in this case.

Feeling as I do that these issues need clarification and that the Court needs and will welcome further enlightenment, and since there has not yet been handed down any decision, it seems to me that the only just and speedy and proper manner of deciding this case will be to take further testimony on any and all basic issues in this cause, with equal opportunity to both sides to enlighten the court. I, therefore, set Monday, January 9, 1939, at 10 o'clock in the forenoon at the Federal Building, in Hartford, as the time and place for such hearing; and it is so ordered.