NANCY LO BOSCO, ALSO KNOWN AS NANCY CORRIER, PLAINTIFF-RESPONDENT, v. ABRAHAM RESNITZKY, TRADING AS METROPOLITAN FURNITURE CO., DEFENDANT-APPELLANT.

Argued May 2, 1939—Decided July 28, 1939.

Before Justices CASE and HEHER.

For the appellant, *Joseph Moritz* and *Saul Nemser*.

For the respondent, *Archie Elkins*.

PER CURIAM.

Plaintiff was awarded judgment for $300 in an action to recover damages for an alleged breach of a contract for the sale of household furniture, tried before the District Court Judge without a jury; and defendant appeals.

The gist of the action is that, by reason of defendant's failure to deliver the goods in accordance with the contract, plaintiff was compelled to purchase like goods elsewhere at a higher price.

A prior judgment for the plaintiff was reversed by this court on the ground that the trial judge erred (a) in undertaking "to ascertain the amount of damages apparently without regard to the uncontradicted evidence of the original salesman called for the defendant that the plaintiff had told him that she bought the furniture for which she paid $989 on time payments, whereas the sale as made by the defendant was on the basis of cost plus commission and, as already stated, cash on delivery;" and (b) in overruling a question put to the salesman who made the second sale to plaintiff "as to whether the furniture so sold to plaintiff was on a C. O. D. basis or a time basis." 120 *N. J. L.* 495.

The first point made is that there was error in the denial of defendant's motion "for a direction of verdict and in rendering a verdict in favor of the plaintiff in the sum of $300."

The second half of this specification does not embody a valid ground of appeal. It does not set forth a claimed error in point of law. *Biczis* v. *Public Service Co-ordinated Transport,* 115 *N. J. L.* 407.

The motion for the direction of a verdict was based upon the contentions that the proofs conclusively established an accord and satisfaction and mutual rescission, and that there was a lack of proof of damages.

The claim of accord and satisfaction and rescission is based upon the acceptance by plaintiff of defendant's check for the deposit made on account of the purchase price, containing the following endorsement: "In full settlement—refund on deposit of furniture selected."

But this endorsement did not conclusively establish either defense. Viewing the evidence in the light most favorable to defendant, jury questions were presented as to whether there was an accord and satisfaction or a rescission of the contract. The return of the deposit was not requested by plaintiff. The evidence lends itself to the inference that, whatever the intent of the defendant may have been in the return of the deposit by check so endorsed, plaintiff did not participate therein. The endorsement, without more, simply means that the check was accepted in satisfaction of the deposit made. It does not indicate an accord and satisfaction of plaintiff's claim for unliquidated damages arising from the claimed breach of contract, nor that the contract was to be thereby rescinded. As a matter of fact, it was not then known whether the breach of the contract would entail substantial damages to plaintiff. The intent of the parties is to be gathered from all the circumstances attending the transaction. *Decker* v. *Smith & Co.*, 88 *N. J. L.* 630.

And we are also of the view that the trial judge applied the appropriate statutory measure of damages, and that there was evidence to sustain his award. He allowed for the difference between cash and time payments. And we think that the evidence presented a jury question as to the alleged differences between the furniture ultimately purchased by the plaintiff and that contracted to be sold by the defendant.

We find no merit in the specifications of error directed to the admission of evidence. The evidence admitted was clearly competent and material.

The judgment is accordingly affirmed, with costs.