HENRY BOOTH, PLAINTIFF-RESPONDENT, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided January 25, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Nathan Baker*.

For the defendant-appellant, *Wilbur A. Stevens* (*William Wann,* of counsel, and *John V. Fiore,* on the brief).

The opinion of the court was delivered by

PORTER, J. This suit was to recover an amount claimed due on an accident policy. The verdict was in favor of the respondent for the sum of $300. The judgment is before us for review on this appeal.

It is not disputed that the respondent was accidentally injured and that he had a policy of insurance in the appellant company covering disability from such injuries; that he filed with appellant a "final proof of loss" and was paid a total of $204 under the policy, the same being based on $20 per week for total disability for a period of ten weeks together with medical expenses of $4. At that time there was no claim made for partial disability. It appears that later the respondent found that the injuries resulted in partial disability, he being unable to do the work he had previously been doing and was assigned to different and lighter work by his employer because of his partial disability.

When the claim was paid a writing was given by respondent to appellant as follows:

"Claim No. N.Y. 35 A 305

City of Jersey City, State of N. J.
Date July 10th, 1939.

Received from Hartford Accident and Indemnity Company the sum of Two Hundred and 00/100 Dollars, in full satisfaction and discharge of all claims and demands against the said company, under policy No. B. I.-1038 in respect of the loss sustained by Henry Booth on or about the 15th day of March 1939.

(Signature)     HENRY BOOTH."

This paper is claimed by appellant to be a general release of any and all liability under the policy and it is argued that it is a bar to recovery and also that it constitutes an accord and satisfaction.

The trial court denied motions for nonsuit and for directed verdict for the appellant which rulings are challenged as being erroneous. Those motions were properly denied.

The court decided that whether or not the paper was a release was one of fact for the jury in view of its language and the facts and circumstances under which it was given.

In this ruling the court erred. The settled rule is that where there is no ambiguity in the terms of a written instrument its construction and effect is a matter of law to be determined by the court and not by the jury. *Frisbie Throwing Co.* v. *London Guarantee and Accident Co., Ltd.,* 105 *N. J. L.* 613. The writing in question clearly expressed the intention of the parties. It is merely a receipt and release for the money then paid for the claim of total disability. It did not release any future claim for partial disability which might properly be made under the policy and which is the subject-matter of the instant suit. The court should have so construed it and not have submitted the question to the jury. However, as the jury correctly construed it the error was harmless.

The judgment is affirmed, with costs.