ANZANO v. METROPOLITAN LIFE INS. CO. OF NEW YORK.

No. 7419.

Circuit Court of Appeals, Third Circuit.
March 10, 1941.

Louis Rudner, of Trenton, N. J. (Katzenbach, Gildea & Rudner, of Trenton N. J., on the brief), for appellant.

J. Emil Walscheid, of Jersey City, N. J., for appellee.

Before CLARK, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment rendered for the plaintiff in an action upon a policy of accident insurance issued by the appellant to Ralph Anzano. The pertinent provision of the policy, which insured Anzano against loss from accidental injuries causing whole and continuous disability in his occupation, provided that if such injuries caused death within two hundred weeks from the date of the accident the company would pay, in addition to the weekly indemnity for the disability, the principal sum of the policy to the beneficiary thereof, who was the insured's wife. The insured's occupation was that of proprietor of and pharmacist in his own drug store.

On July 10, 1931, while the policy was in force, Anzano suffered a blow upon the head during a holdup. He made claim upon the company stating that he was totally disabled from July 11 to August 5, 1931, and partially disabled from August 5 to August 17, 1931. In this claim he stated that his disability was not ended. The company thereupon wrote to Anzano asking him whether that statement was supposed to be his final statement or whether he was still disabled. In response thereto Anzano wrote, on August 27, 1931 as follows: "In response to your letter of August 26 I wish to state that unless something unforeseen develops I am now in as good health as I was previous to my accident. Please consider the report that I submitted as final." On September 29, 1931 after Anzano had had several meetings with a claim adjuster of the company the company issued to him a check in the sum of $163.57. On the face of the check there appeared the statement "For full payment of claim under above numbered policy for injuries or sickness beginning on or about 7-10-31." On the reverse side of the check there appeared the statement "Received payment in full as detailed on the reverse side". This check was endorsed by Anzano and cashed by him. On April 25, 1935 Anzano became ill while driving his automobile and was taken to a hospital. He died on April 30, 1935. This action was brought by the insured's wife in two counts; one in her own behalf as beneficiary of the policy to recover the face amount thereof; the second as administratrix of Anzano's estate to recover the weekly benefit payments for Anzano's disability from the date of the accident to the date of his death, less the amount already paid by the company. The plaintiff's case was based upon the contention that Anzano's death was caused by the accident and that he was totally and continuously disabled from that time until his death. During the period following the receipt of the check from the appellant until the date of his death Anzano never made any further claim upon the company under the policy, although it was renewed from year to year.

The defendant asks this court for relief in the alternative; either for entry of judgment notwithstanding the verdict or for a new trial because of errors in the court below. It is urged that on the facts the plaintiff's evidence did not make out a case for recovery. It is to be noted that for recovery on these two counts plaintiff was under the burden of showing both the continuous disability upon the part of Ralph Anzano for the period between the accident and his death and that his death was caused by the accident. The defendant urges upon us the rule that a case should not be submitted to the jury un-

less the evidence is substantial enough to sustain an affirmative finding. Then it is urged that the evidence in this case is not sufficient to sustain an affirmative finding, and that the trial judge erred in failing to direct a verdict for the defendant. Upon the general rule there is, of course, no dispute. The application of the general rule to the facts of an individual case presents more difficulty and this litigation is no exception. It is obvious, and still true, that neither a trial judge, in a case tried before a jury, nor an appellate court, judges the credibility of the witnesses and that the determination of whether the plaintiff had established a case for the consideration of a jury must be made by taking the evidence offered by the plaintiff at its face value.

Subject to the discussion of certain law points made in connection with the testimony, which will be considered below, there is nothing to be gained by a long recital of the stories of the various witnesses. That the insured was injured in a manner which brought him within the terms of the policy is not disputed. There was testimony bearing upon his subsequent inability to carry on the duties of his occupation as dispensing pharmacist and proprietor of a drug store. There was medical testimony ascribing the cause of his incapacity and death to a head injury which, in turn, was a consequence of the blow upon the head received at the hands of the felons who attacked him. This testimony was sufficient, if believed, to establish the plaintiff's case, subject to the legal problems involved. It was distinctly a problem for the jury to decide whether the plaintiff's witnesses or the witnesses of the defendant who testified to the same points were to be believed.

A legal question is raised, however, as to the sufficiency of proof as to total disability. The language of the clause of the policy covering this point is that the insured shall have been prevented from "performing any and every kind of duty pertaining to his occupation". The literal application of these words would, obviously, prevent recovery on a claim for total disability unless the insured was shown to have been completely helpless so far as the carrying on of his occupational duties is concerned. The uniform course of judicial decision upon this point, however, is that these words are used "relatively rather than literally" and are applicable

if the insured is substantially unable to perform his usual occupational duties. See Cantor v. Metropolitan Life Insurance Co., 1933, 108 Pa.Super. 1, 164 A. 145, 146, and decisions cited therein. The New Jersey decisions are collected and discussed in Teitelbaum v. Massachusetts Accident Co., 1935, 181 A. 395, 13 N.J.Misc. 811; see also notes in 79 A.L.R. 857 and 98 A.L.R. 788. While the language from court to court on this point shows some variation the main course of decision is clear. In the instant case the trial judge charged the jury in substantially the language used in the New Jersey decisions. The testimony offered on behalf of the plaintiff was amply sufficient to show such incapacity on the part of Anzano to do his work as a pharmacist to bring him within the right to recover under the decisions cited if the jury believed the testimony. The fact that Anzano may have gone bowling or hunting or engaged in extra-pharmaceutical activities is simply evidentiary with regard to his capacity to carry on his regular work. On ample evidence the jury found in the plaintiff's favor upon this point and their finding cannot be disturbed.

The most difficult problem in connection with the request for judgment notwithstanding the verdict relates to the effect of the payment by the company to the policy holder on September 29, 1931. It is claimed by the company that this constituted either a release or an accord and satisfaction of all claims by Anzano under the policy. If the insured released all his claims or if the transaction between the insured and the company resulted in satisfaction of all claims, it is clear, of course, that this action will not lie.

In this connection the difference between the rights of the insured under this type of contract and the rights of a beneficiary under a contract like that of a straight life insurance policy must be noted. Where one has a single indivisible claim either under a contract or against another in tort one settlement or one recovery bars any further action. If the plaintiff considers that he did not receive a sufficient payment for his claim he cannot, regardless of that fact, sue again, if his method of collection was by lawsuit, or successfully maintain an additional claim, if the payment came to him by a valid settlement without lawsuit. As contrasted with this type of claim there is the instalment contract type or that of successive

434

torts as in some of the nuisance cases. There the lawsuit must include all claims based upon the contract or for a series of torts which the plaintiff has up to the date of suit. But it does not preclude further claims for successive breaches of the contract or torts committed thereafter. Restatement, Torts, § 897, com. f, g; Restatement, Contracts, § 449, ill. 6; Williston on Contracts, Rev.Ed.1937, § 1290. An insurance policy calling for periodic payments to the insured in the event of certain contingencies is of the latter type. It is more like a contract for support or the performance of an order to pay alimony. The receipt of instalments due over a certain period does not preclude the assertion of a claim for additional instalments later; Williston on Contracts, Rev.Ed.1937, § 1330A, and cases therein cited; see also notes in 81 A.L.R. 379; and 99 A.L.R. 1171.

■ ■ The plaintiff claims that the settlement made by Ralph Anzano constituted its complete discharge from liability on the policy both present and prospective. Anzano could have made such an agreement. Keeping the policy in force he could have agreed that these payments received, after some negotiation with the company, covered everything past and prospective growing out of this accident, although if he had future accidents other claims might arise. The jury have found against this theory under an instruction which, in the words of the trial judge, "could have been improved upon", but which was substantially correct. Furthermore, no error is alleged with respect to that part of the charge, it being contended simply that as a matter of law the parties had reached a complete accord. It is true that the construction of documents falls to the judge and not to the jury; Wigmore on Evidence, 3d Ed. 1940, § 2556; I. Hausman & Sons, Inc. v. Central Home Trust Co., 1937, 118 N.J.L. 104, 191 A. 301. But here we have something more than a document. We have a check given with a receipt form on the back. It is well settled in New Jersey law that a receipt does not preclude the party whose signature appears thereon from explaining the facts and circumstances surrounding its issuance. Rose v. American Paper Co., Err.&App.1912, 83 N.J.L. 707, 85 A. 354; Decker v. George W. Smith & Co., Err.&App.1916, 88 N.J.L. 630, 96 A. 915; Kissell v. Myer & Bush Co., Err.&App.

1921, 96 N.J.L. 513, 115 A. 378; National Spun Silk Co. v. Peerless Silk Mills Corp., Sup.Ct.1921, 96 N.J.L. 49, 114 A. 312; Lo Bosco v. Resnitsky, Sup.Ct.1939, 123 N.J.L. 3, 7 A.2d 869; Booth v. Hartford Accident & Indemnity Co., Sup.Ct. 1941, 125 N.J.L. 601, 17 A.2d 591. The adjuster for the insurance company testified at length on both direct and cross-examination about conversations had with the insured concerning the payment to be made to him. The insured's statement of claim made to the insurance company was in evidence. The nature of the claim therein stated is said to be "V shaped laceration" and the certificate of the attending physician accompanying the statement of claim indicated only surface injury plus hysteria on the part of the patient at the time of treatment.

■ We cannot say, as a matter of law, that the receipt executed by Anzano constituted a satisfaction for all claims against the company arising out of this accident. Nor can we say, as a matter of law, that this question was solely for the court. The matter was not simply the interpretation of documents and a question of fact was presented, namely, just what this settlement was intended to include. The jury have found in the plaintiff's favor by their verdict and we cannot disturb their finding.

■ The defendant makes the further contention that the plaintiff in this litigation is estopped because of representations made by Anzano in his lifetime. It was in evidence that Anzano wrote the company that "if nothing unforeseen develops I am now in as good health as I was previous to my accident". Anzano, furthermore, did not notify the company in the 198 weeks between the date of his accident and the date of his death that his health was deteriorating. Indeed he had other policies with this company reinstated after lapse because of failure to pay premiums and executed statements saying that he was in good health. The defendant claims all this works an estoppel on the basis that the insured's misrepresentations were relied on to its detriment because, as a result of these representations, it did not make such investigations and tests that it otherwise could and would have made to determine the state of health of the policy holder. The difficulty with this position is that by the decisions of the courts in the State of New Jersey,

which we are bound by with regard to this question, estoppel has been very closely assimilated to the law of deceit. It is not sufficient that one person has made a representation upon which another relies and changes his position through such reliance. In order to estop the maker of the representation he must either have been conscious of its falsity or negligent concerning it. An additional element required by the New Jersey courts is that the party, to whom the representation was made must have been ignorant of the fact and also have had no convenient opportunity to ascertain it. Central R. Co. of New Jersey v. MacCartney, Sup.Ct.1902, 68 N.J.L. 165, 52 A. 575; Briscoe v. O'-Connor, Err.&App.1936, 119 N.J.Eq. 378, 182 A. 855. Obviously fact questions were raised for the jury and they were not only fully instructed upon the point but the trial judge gave the jury the defendant's own request upon the subject.

 Complaint is made concerning the admission of the answer of an expert medical witness for the plaintiff to a hypothetical question. The defendant concedes, however, that under New Jersey law in propounding such a question to an expert the questioner need not embody all of the testimony, but may limit his selection and obtain an opinion on that basis. See Ollert v. Ziebell, Err.&App.1921, 96 N.J.L. 210, 114 A. 356. The fact that this point is established in New Jersey settles the admissibility of the testimony in this trial. Rule 43, Fed.Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant also complains that the trial judge did not permit the defendant to offer additional testimony with regard to laboratory procedure in the hospital where the insured had died. This testimony was offered after both sides had rested. Whether a case should be reopened for new testimony is peculiarly a matter within the discretion of the trial judge and we find no abuse of discretion.

 Error is alleged in the refusal of the trial judge to give certain instructions to the jury. One of these instructions related to the burden of proof which the trial judge refused because he had already specifically covered the point in his charge to the jury. We agree that this point had already been sufficiently covered and there is no error in the trial judge's denial of this request. The other two questions re-lated to what were called clauses 2 and 3 of the policy. We see no error in the failure to charge on these clauses. The plaintiff had brought her action under clause 1 of the policy which required the showing of continuous disability from the time of the accident to death and that death had resulted from the original accident. If the plaintiff proved this she made out a case; if she failed to do this she had no case. The jury found in her favor. There was no error.

The judgment of the District Court is affirmed.