**BOWLES, Price Administrator, v. SIX STATES COAL CORPORATION et al.**

Civil Action No. 3624.

District Court, W. D. Pennsylvania.

Feb. 25, 1946.

652

Thomas F. Garrahan, Robert Bruce Greer and A. Morris Ginsburg, all of Pittsburgh, Pa., for plaintiff.

Charles M. Christler and James A. Geltz, both of Pittsburgh, Pa., Rufus S. Marriner, of Washington, Pa., and Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for defendants.

GOURLEY, District Judge.

The Office of Price Administration, the plaintiff in Civil Action No. 3624, has petitioned the Court to re-open the plaintiff's case for the purpose of offering testimony as to the selling prices of the coal sold by the defendant to Williams, Darnell and Company, Reid Coal and Coke Company, and Claflin-Sumner Coal Company, the tonnage sold to said companies and the prices paid by the purchasers of said coal to the defendant company.

Said proceeding was filed with the Court on February 14, 1946, and the Court awarded the issuance of a Rule returnable to the 25th day of February, 1946, issued to the defendant company and the individual defendants, John H. Jones and Edwin S. Westphal, to show cause why the request prayed for by the plaintiff should not be allowed.

Counsel for the plaintiff has stated to the Court that through inadvertence on his part, at the time said case was tried before this Court on January 21, 22, 23 and 24, 1946, said counsel failed to offer said testimony and, therefore, present all proof that was available in support of the allegations set forth in the complaint.

The defendant has offered no testimony and moved for a directed verdict or judgment to be entered in behalf of the defendant at the close of the testimony offered by the plaintiff on January 24, 1946.

Findings of Fact or Conclusions of Law have not been filed by either of the parties to said proceeding, a transcript of said testimony having been filed by the Court Reporter in the Office of the Clerk of Courts on February 1, 1946. The Court has not read the testimony nor has it endeavored to evaluate the evidentiary value of the facts which have been presented, nor has the Court reached any conclusion as to the merits of the contention of the plaintiff or the defendants in said action.

This proceeding was filed on December 29, 1944, and counsel for the plaintiff has certainly had ample opportunity or time to properly prepare said case for trial, and there is no justification or reason existing for the oversight which was allowed to occur by counsel for the plaintiff. However, a lawsuit is not a battle or contest of wits; it is a fair struggle for a just decision and although considerable inconvenience and expense has been caused the defendants due to the inadvertence on the part of the counsel for the plaintiff, the Court does not see how any injury can be done to the defendants or any substantial injustice arise by permitting the introduction of the testimony desired by the plaintiff in support of the allegations set forth in the complaint.

Rule 43 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that all evidence shall be admitted in the trial of any case which is permissible under the Statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States Court is held.

It is the primary duty of the court to render justice and fairness to all persons concerned in any litigation, and the Court, therefore, feels in the exercise of this discretion that in order for the issues joined in this proceeding to be fairly tried and adjudicated, the request of the plaintiff should be granted. Therefore, it is the belief of the Court that the prayer set forth in the petition of the plaintiff should be granted, and the rule is, therefore, made absolute. An appropriate Order will be filed by the Court with this opinion. Schick Dry Shaver, Inc., et al. v. General Shaver Corporation et al., D.C., 26 F.Supp. 190; Anzano v. Metropolitan Life Ins. Co. of New York, 3 Cir., 118 F.2d 430; Stewart v. Pen Argyl National Bank, Appellant, 307 Pa. 328, 161 A. 327; Becker v. Prudential Insurance Company of America, Appellant, 124 Pa.Super. 138, 188 A. 400.

After hearing being duly held in connection with the petition of the plaintiff to show cause why leave should not be granted to offer additional testimony, it is ordered and decreed that the rule be made absolute, and the plaintiff is to have the right and privilege to offer testimony to show the selling prices, the tonnage sold, and the purchase price paid for any coal sold by the defendants, during the period of time set forth in the complaint, to Williams, Darnell and Company, Reid Coal and Coke Company, and Claflin-Sumner Coal Company; and the Clerk of Courts is directed to set said case for hearing during the next regular term of court.