ANSETTA E. de CHABERT, Plaintiff

v.

JUNE LOUNSBURY, Defendant

Civil No. 918-1967

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

March 20, 1968

JAMES, HODGE & TONKIN (WINSTON A. HODGE, ESQ.),
Christiansted, St. Croix, Virgin Islands, *for plaintiff*

YOUNG, ISHERWOOD, GIBBS & CARNEY (JAMES H. ISHER-
WOOD, ESQ.), Christiansted, St. Croix, Virgin Islands,
*for defendant*

JOSEPH, *Judge*

OPINION AND ORDER

On April 29, 1961, defendant, Mrs. June Lounsbury,
entered into a lease bearing that date for the rental of the
store and space on the ground floor of premises known as
No. 41 King Street, Christiansted, St. Croix, for a term of
five years commencing on July 1, 1961, and ending on July
1, 1966. Paragraph "Second" of the lease contained the
provision that, "If Tenant shall keep and observe all the
terms and conditions hereof, he shall upon notice in writing
given to the Landlord, sixty (60) days before the expira-
tion of the term herein, be granted the right to lease the
premises herein demised for an additional term of five (5)
years. Provided, however, that should Tenant elect to
exercise the option of extension, the rent therefor shall be
negotiated by and between the parties."

The lease was made with Mrs. Marietta S. Reilly, who
was then the owner of the property leased. Mrs. Reilly
died prior to the expiration of the original term of the
lease, and the property in question was subsequently con-
veyed to plaintiff, Mrs. Ansetta E. de Chabert, by the

Executrix of Mrs. Reilly's estate. On March 21, 1966, defendant gave written notice both to the Executrix of Mrs. Reilly's estate and to plaintiff, whom she knew to be negotiating for the purchase of the property, of her intention to extend the lease for an additional five year period as provided therein. The notice stated that she was "prepared to negotiate the rental." Apparently Mrs. Lounsbury received no response to her offer to negotiate until July 9, 1966, perhaps because of the fact that the sale of the property was being negotiated and plaintiff did not take title until July 1, 1966, the day upon which the original term of the lease expired. On July 9, 1966, Mr. John F. James, as plaintiff's attorney, wrote defendant a letter in which he stated:

"I am returning herewith your check payable to the order of the new landlord of the premises, Mrs. Annie de Chabert. Since your lease has expired and because of the tremendous cost increase of rental premises in the Christiansted area, Mrs. de Chabert intends to raise the rent on the premises now occupied by you. I would suggest that you contact her to see if you can determine a mutually agreeable figure and I can then draw an appropriate lease."

After receipt of this letter defendant talked with plaintiff about the extension of the lease, but both parties agree that they decided to leave the question of the negotiation of the new rent payment to their lawyers. Thereafter there was no direct contact between the parties. Checks in the amount of $75 each were sent to plaintiff as rental at the old rate for the months of July, August and September, and presumably thereafter. Plaintiff cashed the checks for August and September, but all other checks sent by defendant for rental payments have been returned to her. There is no evidence as to what, if any, negotiations took place thereafter. Approximately a year later, however, attorneys for the parties entered into a stipulation whereby they agreed that each party would appoint an

appraiser and that the two thus appointed would select a third appraiser to "inspect the property and give their opinion as to the present fair rental value of the premises involved." Each party did appoint an appraiser as agreed, but the two appraisers have taken no action in the matter and, so far as the record shows, have not named the third appraiser. On November 30, 1967, plaintiff filed this suit for "unlawful detainer", claiming that defendant is unlawfully detaining possession of the subject premises.

██ In response to the complaint defendant filed a motion to dismiss, alleging that inasmuch as the amount in controversy exceeds $10,000 this court is without jurisdiction. The motion was set for argument before the court on January 18, 1968. The court ruled orally that it would entertain jurisdiction by virtue of 4 V.I.C. § 74(3) which gives the Municipal Court concurrent jurisdiction of cases of forcible entry and detainer where the amount of the unpaid rent or the value of the real property involved exceeds $500. After denying the motion to dismiss the court asked counsel for the parties if they wished to proceed to trial at that time. Counsel affirmed the fact that they wanted to go to trial on that date and thereby waived the filing of a written answer.

There is no dispute as to the facts of the case as above stated. The only question in issue is the interpretation to be given to the quoted provisions of the lease relative to the extension thereof and its enforceability. Counsel for plaintiff urges that the extension agreement is void and of no effect because it is too uncertain to be specifically enforced. In support of this contention he cites 32 Am. Jur. § 965. He fails to take note, however, of the following statement given therein:

"There is, however, authority that a provision for renewal is not invalid because the rental is to be fixed by agreement of the parties, since upon failure of the parties to agree the amount

will be fixed by the court at what is reasonable, and it has been held that an option for a renewal at a rental satisfactory to both parties, or to be determined by them at the time of the renewal as being what is reasonable under existing conditions, is valid and enforceable."

Cases to this effect are collected in annotations in 30 A.L.R. 575, 68 A.L.R. 158, 166 A.L.R. 1238 and 6 A.L.R.2d 454. Three of these cases were considered by the court in Rainwater v. Hobeika, S.C. 1946, 38 S.E.2d 495, 166 A.L.R. 1228. They are Young v. Nelson, Wash., 209 P. 515, 30 A.L.R. 568; Hall v. Weatherford, Ariz., 259 P. 282, 56 A.L.R. 903; and Edward v. Tobin, Or., 284 P. 562, 68 A.L.R. 152. The reasoning of these cases, with which this court agrees, is to the effect that the lessor's agreement giving to the lessee an option to extend or renew the lease for an additional term formed a part of the consideration which induced the lessee to enter into the lease and that the option provision was therefore for his benefit. This being so, and the lessee having given value therefor, the lease must be construed in favor of the lessee where possible. Written instruments should be construed so as, if possible, to give effect to every clause thereof, rather than to hold any of them void. The "rule of reason" has thus been invoked to support the conclusion that, if the parties fail to agree as to the rental for the extended term, the court will construe the lease as implying that a reasonable rental under the then existing conditions will be paid.

In the present case the parties themselves seem to have interpreted the option agreement as providing for a "fair rental value of the premises." By stipulation made on July 18, 1967, and introduced in evidence as plaintiff's exhibit number 3, the parties agreed to the appointment of appraisers to make such a determination as a means of their reaching an agreement as to the rental for the extended term. Since the parties themselves have failed to

agree as to what is fair and reasonable the court will make this determination for them.

It is true, as plaintiff contends, that there is authority to the contrary which holds that agreements which provide for the future determination of the amount of the rental for the extended or renewed term are unenforceable because they are void for uncertainty. This may have been, at one time, the majority view. The trend of the recent decisions, however, definitely favors the rule of enforceability of such option provisions and this court finds that there is ample authority for it.

Plaintiff has cited two cases, neither of which, in actual fact, is in support of his position. The first is the case of McArthur v. Rosenbaum Co. of Pittsburg, 3rd Cir. 1950, 180 F.2d 617, which dealt with a contract clause for the "first refusal to make a new lease." None of the terms of the new lease were provided for in the original lease and there was no way for the court to determine which of three possible interpretations was intended. The court there recognized, however, that "Ordinarily a clause in a contract cannot be disregarded if a reasonable meaning can be taken from it." The other case upon which plaintiff relies is that of First National Building Corporation v. Harrod, 10th Cir. 1949, 175 F.2d 107. There a lease contained the provision that the lessees had the option to renew the lease "for any period of time they so desire at the same stipulated price of $100.00 per month." The court ruled that this language must be construed to mean a reasonable time, otherwise the provision would be void for uncertainty.

No evidence has been presented as to the reasonable or fair value of the leased premises. In the brief submitted to the court defendant has asked for direction in the procedure to be used in establishing the fair and reasonable rental to be paid by defendant retroactively to the date of the extension of the lease. The court may not, of

course, take judicial notice of the value of any particular piece of property at given time. Ohio Bell Tel. Co. v. Commissioner, 301 U.S. 292, 303. It has been established by a number of cases, however, that where the parties have rested and the case has been submitted to the court, but before a decision has been made and a judgment entered, the court may, at the request of either of the parties, or *sua sponte*, reopen the case for the the taking of additional testimony. See in this connection the case of Bowles, Price Administrator v. Six States Coal Corporation, W.D. Pa., 1946, 64 F.Supp. 651. There plaintiff had failed to present evidence as to the selling price of coal, the amount sold and the prices paid. A petition was filed to reopen the case to permit the taking of testimony as to these matters. The court granted the plaintiff's prayer, stating:

"It is the primary duty of the court to render justice and fairness to all persons concerned in any litigation, and the Court, therefore, feels in the exercise of this discretion, that in order for the issues joined in this proceeding to be fairly tried and adjudicated, the request of plaintiff should be granted."

See also Schick Dry Shaver, Inc. v. General Shaver Corporation, D. Conn. 1938, 26 F.Supp. 190, where the court noted the reference by both parties to Rule 1 of the Federal Rules of Civil Procedure which provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action", and permitted the taking of further testimony on application of the defendant after the conclusion of the trial but before the entry of a judgment. A Utah court reopened the case for the taking of further testimony *sua sponte* in Kirkham v. Spencer, 1955, 285 P.2d 127. Under local rules which followed Rules 1 and 59 of the Federal Rules of Civil Procedure, the latter rule providing that the court of its own initiative may order a new trial for any reason for which it may have

granted a new trial on motion of a party, the court reasoned:

"It would seem to violate the spirit of our rules to hold that the trial court could in this case enter a judgment and then grant a new trial in order to receive in evidence the testimony it deems essential for the proper disposal of the case and still be barred from reopening and receiving such additional evidence without retrying the entire cause."

The court will, therefore, reopen the case for the taking of additional testimony, and

IT IS HEREBY ORDERED, that Thursday, March 21st, 1968, be set for the taking of testimony as to the reasonable value of the leased premises on July 1, 1966, the date of the expiration of the original term of the lease made by and between the parties on April 29, 1961.