DOMINGOS CARMARA *vs.* JOSEPH RODRIGUES.

MAY 28, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass for assault and battery was tried in the superior court before a jury and resulted in a verdict for the plaintiff in the sum of $2000. Defendant's motion for a new trial was granted by the trial justice unless the plaintiff remitted all of the verdict in excess of $1400. A remittitur was duly filed and the defendant has prosecuted his bill of exceptions to this court.

The assault occurred about midnight of July 7, 1944. The plaintiff, a member of the Independent Portuguese Club and Band, went to the clubroom of this organization in the town of Bristol about 10 p.m., and while playing cards with some friends was joined by the defendant. During

the game an argument arose between the plaintiff and defendant, each accusing the other of putting water or beer in his chair while he was in the washroom. The first argument took place in that room, at which time only fists were used. The parties then came out into the clubroom and, although the defendant had a knife which he claims was thrust into his hand by one of the onlookers, this knife was not then used but, according to the plaintiff's testimony, the defendant punched him in the eye. The plaintiff then went outside and sat in a car with the bartender, but his eye began to swell and the bartender escorted him back inside so that he might wash the eye.

The bartender then requested the defendant to leave, which he did, accompanied by one John Gomes, and he also told the plaintiff to sit down and let the defendant go home. Plaintiff accordingly waited for a period variously estimated by witnesses as from ten to twenty minutes, and when he opened the door he found defendant and John Gomes outside. The fight was then resumed, during which the defendant used a knife, inflicting cuts and wounds of such a serious nature that the plaintiff was covered with blood and was hospitalized for four days. He was later treated by his own physician and discharged on the twenty-fifth day after his injuries. Four of the knife wounds were on his face and one on his right side, and plaintiff's physician testified that some of the scars on his face are permanent. Plaintiff lost five weeks' work, his average pay being $65 per week. The defendant claimed he used the knife only in self-defense.

The defendant has briefed and argued only his exception to the refusal of the trial justice to grant his motion for a new trial, which was based on newly discovered evidence as set forth in affidavits appended to his motion. One of these affidavits was made by the defendant, another by his son, and the third by his daughter, and all are to the effect that one of the plaintiff's witnesses, Hipolito DePina, had testified falsely when he said he was friendly with the

164

defendant and his family, whereas DePina had not been on good terms with the family for some time, due to a certain incident, in consequence of which the defendant had forbidden him to come to his home again.

The defendant argues that the trial justice did not give sufficient consideration to these affidavits, in the light of which he should have considered the testimony of the witness DePina as perjured testimony and granted a new trial. In our opinion these affidavits are not of the character required to entitle the defendant to a new trial. The facts recited therein were fully known to the defendant at the time of trial and could have been the basis of cross-examination of the witness DePina. Moreover they set forth evidence that tends only to impeach the testimony and attack the credibility of one of the plaintiff's witnesses. Evidence which merely tends to impeach the testimony of a witness is usually not sufficient to warrant the granting of a new trial. *Jones* v. *New York, N.H. & H. R.R.*, 20 R. I. 210; *State* v. *Kemp*, 37 R. I. 572, and cases cited.

The verdict of the jury, at least so far as the damages awarded were concerned, was evidently based upon the assault outside the clubroom, where the defendant stabbed and cut the plaintiff severely. This view appears to have been taken by the trial justice because, in denying the motion for a new trial, he used the following language: "It was known to him long before the trial took place and so far as the Court is concerned, all that evidence was given concerning the fight in the bar itself and the suit is not so much for what transpired in the bar as what transpired outside and *this witness did not testify as to what transpired outside* and neither did any other witness." (italics ours) It appears that the trial justice gave full and careful consideration to the defendant's affidavits in support of his motion.

We are of the opinion that the evidence relied upon by the defendant is not of such a character as to be so controlling upon the point to which it relates that it would

probably affect the verdict, and therefore defendant is not entitled to a new trial based thereon. *McDonald* v. *Rhode Island Co.*, 26 R. I. 467; *Woodward* v. *Wilbur*, 54 R. I. 60, and cases cited.

In view of the serious nature of the plaintiff's injuries, the damages as reduced by the trial justice are clearly not excessive, and we find no error in his refusal to grant a new trial unconditionally. This exception is overruled. All other exceptions have been waived.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as reduced by the remittitur.

*Edward H. Ziegler, George K. Demopulos,* for plaintiff.

*William H. McSoley, Jr.,* for defendant.