313 A.2d 649.

ADDEO LOAN COMPANY, INC. *vs.* PASQUALE MANOCCHIO, ALIAS PASCO MANOCCHIO, ALIAS *d/b/a* KNIGHT MOTORS.

JANUARY 11, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. On October 19, 1968, the plaintiff brought this civil action to recover the unpaid balance alleged to be due on six promissory notes made by the defendant and payable to the plaintiff. The case was heard in April 1970, before a justice of the Superior Court without a jury and resulted in a decision for the plaintiff. After entry of judgment on April 27, 1970, the defendant, on May 7, 1970, filed a Super. R. Civ. P. 59 motion for a new trial on the ground of newly discovered evidence. The trial justice denied this motion and defendant then filed the instant appeal.

The following facts are undisputed. Prior to 1952 plaintiff and defendant entered into an arrangement under which plaintiff financed or floor-planned defendant's automobile business. The defendant would borrow money from plaintiff for the purchase of motor vehicles for sale in his business. The defendant would give plaintiff a promissory note for the amount borrowed on each case. Each note was secured by a chattel mortgage on the car to be purchased.

A great number of these loans were made by plaintiff and repaid by defendant as each car was sold. In 1952, toward the end of the year, plaintiff told defendant that it could no longer continue the arrangement. At this time there were six loans outstanding. Each is evidenced by a promissory note and chattel mortgage. The payments on each loan were recorded on a ledger card. The notes, chattel mortgages, and ledger cards are in evidence.

After the financing arrangement between the parties had terminated, defendant indicated that he would pay off the six outstanding notes when he was able to do so. He did make payments over a period of years. The ledger cards reflect these payments and it appears from the evidence that payments were made as late as November, 1967 on some of the notes and that on some the last payments credited were in 1965. The ledger cards indicate that a balance was due on all of them at the time this action was brought. The dispute between the parties does not involve the making of the loans or the question of whether the ledger cards were arithmetically correct.

Rather the dispute arises from defendant's claim that he gave plaintiff an automobile in payment of the balance he owed plaintiff. The plaintiff denied this. In resolving the issue involving the automobile the trial justice rejected defendant's version and expressly accepted plaintiff's explanation. He found that the fair preponderance of the evidence indicated that the transaction involving this motor vehicle had nothing whatever to do with the six loans on which this action is based.

In commenting on defendant's testimony, the trial justice observed that in his opinion defendant never kept any reasonable records concerning his indebtedness to plaintiff; that defendant in 1952 probably did not know what he owed, and he certainly did not know then what he owed plaintiff; that defendant's evidence regarding the balance due and the amount of the loans is really not of any great value, because he never kept track of what he paid; and that defendant simply made payments to plaintiff and expected that plaintiff would give him appropriate credit. Then, after noting that defendant did not dispute the original loan obligations or the correctness of the calculations of the amount due, the trial justice concluded that the only credits to which defendant was entitled were the credits

reflected in the payments which had been set forth in the various ledger cards. Accordingly, he found that plaintiff was entitled to judgment in the amount of $3,695 plus interest and costs. As defendant points out in his brief, the trial justice relied to a great extent on the documented proof submitted by plaintiff, that is, the promissory notes, the chattel mortgages and the ledger cards. It is also evident from his decision that he did not accept defendant's testimony.

In the affidavit in support of his motion for a new trial, defendant alleges that after the commencement of this action he diligently searched for any canceled checks and/or records which pertained to this action but was unable to find or locate pertinent records for the defense of this action for the following reasons: (1) the long period of time which had elapsed since the execution of the notes; (2) the theft of many of his records from his former place of business; (3) the destruction of many of his records during the course of the operation of his business; and (4) the termination of his business in 1967.

As further reasons for his inability to find or locate such records defendant alleges in the affidavit accompanying his motion (1) that immediately after the commencement of this action a mortgage on his real estate and place of business was foreclosed; (2) that any other records which may have been in existence were in the foreclosed premises; (3) that he did not have access to those premises after the foreclosure; and (4) that since the foreclosure a new tenant occupied the premises.

The defendant then asserts in his affidavit that he prevailed upon the new tenant to search the premises in an attempt to locate any tangible evidence which would affect the adjudication of this action; that he has sucessfully located a canceled check in the amount of $1,187 which was given to plaintiff in full payment for one of the notes

involved in the instant action; that at the trial of this action he did not know of the existence of that check; and that he was unable to locate the same after diligent search prior to and during the trial.

The defendant concluded his affidavit by claiming that it was his belief that the discovery of the canceled check would change the result of this action. The plaintiff then filed an affidavit which contradicted the material allegations of defendant's affidavit.

The case was then set down for hearing on February 16, 1971, on the miscellaneous calendar. On that day the trial justice gave defendant an opportunity to file a further affidavit. The plaintiff was also given the right to file a reply affidavit and the case was then continued for hearing on March 23, 1971.

The defendant filed an affidavit which contains a lengthy list of recorded chattel mortgages, an enumeration of payments, and a lengthy list of canceled checks. The purpose of this affidavit was to show that defendant was not indebted to plaintiff.

The plaintiff then filed a counteraffidavit alleging in substance that the payments referred to in defendant's affidavit did not pertain to the six notes involved in this case. The plaintiff also disputed defendant's claim that many of his records had been stolen from his former place of business. Finally, plaintiff asserts that defendant's affidavit shows no new evidence at all pertinent to the six notes upon which this action is based.

In his decision denying defendant's motion for a new trial the trial justice referred to the trial on the merits and to his feeling then that plaintiff's records were reliable and persuasive. He also noted that defendant at that time had little or no recollection and even fewer records to support his position. After further discussing the events

which transpired at the trial, the trial justice found (1) that defendant had not exercised due diligence in searching for the documents prior to or at the time of the trial; (2) that the documents referred to in defendant's affidavit were not relevant to the six notes on which this action was based; and (3) that the alleged new evidence would not cause a change in result. In making these findings he said:

"Now, apparently after the trial was ended, the defendant began a meticulous preparation of his case, which apparently he had not bothered to do prior to the trial itself. In going over the affidavits, the Court is of the opinion that what the defendant is doing here is attempting to throw up a great mass of transactions in the hope that some of them may fall into the right place. In looking over the affidavit and the matters alleged therein, the Court is of the opinion that there is nothing contained herein that could not have been presented with reasonable diligence at the time of the trial. There was ample time for preparation. The Court had not denied anyone any continuance or request to produce further evidence.

"Now, this question of going back and finding other checks in a place of business that was certainly as available prior to the trial as it was after the trial, is not in the opinion of the Court persuasive, and even assuming that some of these materials would not have been readily available, I can't say they wouldn't have been available. It just may not have been convenient for the defendant to go to the effort he later did go to.

"The Court is of the opinion that the same questions are unanswered by the affidavit as were unanswered during the course of the trial. The Court is of the opinion that the defendant doesn't demonstrate by this affidavit that he is any better equipped with precision to relate his payments to the obligations specifically that were outstanding now than he was then. The Court does not feel that justice would be served by starting all over again and coming to what the Court believes is the same result. For the

reasons given, the motion for new trial is hereby denied."

In urging that the trial justice erred in denying his motion for a new trial, defendant asks the following questions:

> "(1) Did the trial judge err in denying defendant's motion for a new trial when the evidence was newly discovered and was not available for presentation by defendant at the trial?

> "(2) Did the trial judge err in denying defendant's motion for a new trial as the newly discovered evidence was relevant, went to a material issue and may change the result at another trial?

> "(3) Did the trial judge abuse its discretion in denying defendant's motion for a new trial on the basis of newly discovered evidence in light of the facts of this case?"

Before discussing these questions it may be helpful to review briefly the rules governing a motion for a new trial on the grounds of newly discovered evidence in a case tried without a jury. Rule 59(a), insofar as here pertinent, provides that

> "A new trial may be granted to all or any of the parties and on all or part of the issues * * * in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of this state."

As Professor Kent points out in 1 Kent, *R. I. Civ. Prac.* §59.5 at 442 (1969), certain conditions must be met before newly discovered evidence may constitute grounds for a new trial. To constitute grounds for a new trial, newly discovered evidence must be material, and due diligence must be shown. *Zoglio v. T. W. Waterman Co.,* 39 R. I. 396, 98 A. 280 (1916). Evidence, which through ordinary diligence would have been available at the trial, does not justify a new trial on the ground it has been newly discovered. *Levy v. Equitable Fire & Marine Ins. Co.,* 88 R. I. 252, 146 A.2d 231 (1958). Nor should a new trial be grant-

ed unless newly discovered evidence is of such a character as would probably affect the verdict. *Carmara* v. *Rodriques*, 74 R. I. 161, 59 A.2d 354 (1948). If the newly discovered evidence would be likely to change the verdict, a new trial should be granted, even though the evidence might be merely cumulative. *Zoglio* v. *T. W. Waterman Co., supra*.

With these guidelines in mind we address ourselves to defendant's first question. As we have pointed out above, the trial justice, after examining the affidavits, found that there was nothing contained therein that could not have been presented with reasonable diligence at the time of the trial and that there was ample time for preparation. He also found that the documents referred to in the affidavits were just as available prior to the trial as they were after the trial, but that it just may not have been convenient for defendant "to go to the effort he later did go to."

The defendant contends that the trial justice erred in finding a lack of due diligence. He argues that he used due diligence to gather all evidence known to him or discoverable by him prior to trial, and that discovery of this new evidence was in no way the result of any lack of ordinary diligence on his part. The defendant further contends that we should consider the fact that he had neither possession nor knowledge of the newly discovered evidence nor access to it even if he knew of its existence. Finally, he argues that we should relax the standard of ordinary diligence required because nearly twenty years had elapsed between the transaction involved and the entry of judgment.

We find no merit in defendant's argument on this issue. The fact that nearly twenty years had elapsed between the transactions and entry of judgment is no reason for relaxing the rule that evidence which by the use of ordinary diligence is available at the trial cannot be called

newly discovered. *Levy* v. *Equitable Fire & Marine Ins. Co., supra.*

In passing on the question of due diligence the trial justice considered all of the factors now advanced by defendant and came to the conclusion that defendant had not exercised due diligence prior to or at the time of the trial to locate the alleged newly discovered evidence. He found in substance that by the use of due diligence the evidence would have been available at the trial. Although the transactions on which this action is based took place in 1951-1952 and the action was commenced in October, 1968, the trial did not take place until April, 1970.

The defendant had ample time to look for and locate records which could have helped him defend this action. He knew since 1952 that balances were outstanding on these six notes and in October, 1968, he knew that plaintiff was suing him to recover balances which it claimed were due on those very notes. How can it reasonably be said that defendant acted with due diligence when he was unable to locate the records during the period between October 19, 1968 (the date the complaint was filed) and April 20, 1970 (the date of commencement of trial) and yet was able to locate them within ten days after the judgment was entered against him?

Under our cases evidence which through ordinary diligence would have been available at the trial is not newly discovered evidence and does not justify a new trial on the ground that it has been newly discovered. *Levy* v. *Equitable Fire & Marine Ins. Co., supra.* On this record we cannot say that the trial justice erred in finding a lack of due diligence on the defendant's part. Since this finding is dispositive of this appeal it is unnecessary to consider or answer the defendant's remaining questions.

The defendant's appeal is denied and dismissed, the

judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Gladstone & Zarlenga, B. Lucius Zarlenga,* for plaintiff.

*Anthony G. Iannuccillo,* for defendant.