352 A.2d 654.

VICTOR CORRENTE *et al. vs.* TOWN OF COVENTRY *et al.*

MARCH 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On July 31, 1973 we reversed a Superior Court judgment declaring Twin Brook Lane in the town of Coventry a public highway and remitted the case to that court for further proceedings. *Corrente* v. *Town of Coventry,* 112 R. I. 102, 308 A.2d 350 (1973). On October 5, 1973 the plaintiffs moved "for permission to reopen their case to present additional evidence," and on April 19, 1974 the Superior Court justice who presided at the original proceeding authorized them "to reopen their case for the purpose of introducing additional evidence." The defendants then filed a petition for writ of certiorari and we ordered the writ to issue. *Corrente* v. *Town of Coventry,* 113 R. I. 931, 322 A.2d 57 (1974).

A motion to reopen and take additional testimony differs from a motion for a new trial on the ground of newly discovered evidence, and in a nonjury case is generally sought while the trial justice has the case under advisement. *See, e.g., Caracci* v. *Brother Int'l Sewing Mach. Corp.,* 222 F. Supp. 769, 771 (E.D. La. 1963), *aff'd* 341 F.2d 377 (5th Cir. 1965); *Schick Dry Shaver, Inc.* v. *General Shaver Corp.,* 26 F. Supp. 190 (D. Conn. 1938). Although there is no statutory provision of substantive law or procedural rule expressly providing for such a motion, we have permitted it, following the lead of federal courts which "[i]n an attempt to comply with the mandate of Fed. R. Civ. P. 1 to construe the rules in order 'to secure the just,

speedy, and inexpensive determination of every action'
* * * have resorted to a cross-breeding or 'cannibalization'
of Rules 59 and 60 * * *." *Oury* v. *Annottti,* 113 R. I. 506,
511-12, 324 A.2d 325, 328 (1974).

In this case the relief that was both requested and
granted was to reopen to take additional testimony. Not-
withstanding, when the parties appeared before us in oral
argument they treated the motion as one for a new trial
on the ground of newly discovered evidence. In these cir-
cumstances and because defendants have not claimed to
be prejudiced thereby, we treat the mislabeling as unim-
portant and consider the motion as if it were in fact one
for a new trial on the ground of newly discovered evidence
under Super. R. Civ. P. 60(b)(2). 7 Moore, *Federal Prac-
tice* ¶60.28[3] at 407 (2d ed. 1975). So viewed, it should
not be granted unless the newly discovered evidence is of
such a material and controlling nature that it would prob-
ably change the outcome of the case and unless it was
not by the exercise of ordinary diligence discoverable in
time to be presented at the original hearing. *Addeo Loan
Co.* v. *Manocchio,* 112 R. I. 590, 596-97, 313 A.2d 649, 652
(1974). While that case set forth the controlling guide-
lines for a motion under Rule 59(a)(2), the standards for
vacating a judgment under 60(b)(2) are not essentially
different.[1] 1 Kent, *R. I. Civ. Prac.* §60.4 at 454 (1969);
*see* 7 Moore, *supra* ¶60.23[4] at 273.

In this case, we find neither supporting affidavits ac-
companying the motion nor anything on the scanty record
of the hearing before the trial justice disclosing the nature

---

[1]Super. R. Civ. P. 59(a)(2) provides that in a case tried without a
jury, a new trial may be granted "* * * for any of the reasons for which
rehearings have heretofore been granted in suits in equity in the courts
of this state." Super. R. Civ. P. 60(b)(2) permits a party to move for a
new trial on the ground of newly discovered evidence "* * * which by
due diligence could not have been discovered in time to move for a new
trial under Rule 59(b)."

148

of the newly discovered evidence or otherwise indicating whether it measured up to the requisite standards. In the circumstances it was error to grant the plaintiffs' motion. *Kitchen* v. *Broadman,* 119 A. 55 (R. I. 1922); *Dakin* v. *Chiappenelli,* 103 A. 964 (R. I. 1918); 1 Kent, *supra* §59.5 at 443. We expressly refrain from expressing any view on the Superior Court's power to act on a Rule 60(b)(2) motion once this court has disposed of the case. 11 Wright & Miller, *Federal Practice & Procedure* §2873 at 266-70 (1973).

The petition for certiorari is granted, the order of the Superior Court granting the motion to reopen on the ground of newly discovered evidence is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*John D. Lynch,* for plaintiffs-respondents.

*Frank J. Williams,* Town Solicitor, *Tillinghast, Collins & Graham, J. Peter Doherty,* for defendants-petitioners.