504 A.2d 468 (1986)
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE NO. 1142, et al.
v.
John J. AFFLECK, as Director of the Rhode Island Department of Social and Rehabilitative Services.
84-122-M.P. Appeal.
Supreme Court of Rhode Island.
February 4, 1986.
*469 Lynette J. Labinger (Roney & Labinger), Raul L. Lovett/Marc B. Gursky (Lovett Schefrin & Gallogly, Ltd.), Providence, for plaintiffs.
Arlene Violet, Atty. Gen., Timothy Mullaney, Sp. Asst. Atty. Gen., for defendant.

OPINION
MURRAY, Justice.
This case is before this court on appeal by defendant John J. Affleck, as director of the Rhode Island Department of Social and Rehabilitative Services (SRS), from two separate Superior Court decisions granting the plaintiffs' motions for awards of attorneys' fees pursuant to 42 U.S.C.A. § 1988 (1981). We affirm.
The plaintiff International Association of Machinists and Aerospace Workers, Local Lodge No. 1142 (the union), represents certain employees of Brown and Sharpe Manufacturing Co., Inc. (Brown and Sharpe). The union, by its vice president, instituted the instant class action on behalf of its members and all others similarly situated. The remaining named plaintiffs include individual employees and their spouses, all of whom had been, or expected to be denied general public assistance (GPA) by the SRS. Such plaintiffs sue on behalf of themselves, their minor children, and all others similarly situated.
This matter arises out of a labor dispute between Brown and Sharpe and its employees that resulted in a strike by union members. Strikers and their families who applied to the SRS for GPA were denied benefits pursuant to SRS Manual § 602 VI(C)(2)(a) (November 1981 revision).[1] Section *470 602 VI(C)(2)(a) precluded strikers and their families who might had otherwise been eligible from receiving GPA.
On December 1, 1982, plaintiffs instituted the instant class action in the Superior Court. In count 1 of their complaint, plaintiffs alleged that § 602 VI(C)(2)(a) was violative of state law. In count 2, plaintiffs asserted that the regulation violated the equal-protection clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C.A. § 1983. The plaintiffs sought to preliminarily and permanently enjoin defendant from denying GPA to strikers and their families who would otherwise be eligible to receive benefits. The plaintiffs also sought an award of attorneys' fees pursuant to 42 U.S.C.A. § 1988.
The trial justice conducted a consolidated hearing on plaintiffs' request for preliminary injunctive relief and on the merits. The court declared § 602 VI(C)(2)(a) to be null and void, finding the regulation to be violative of state law. Specifically, the trial justice found the regulation to be contrary to legislative intent as expressed by G.L. 1956 (1984 Reenactment) § 40-6-2. Noting that this holding was dispositive of plaintiffs' prayer for relief, the court found it unnecessary to address plaintiffs' equal-protection claim. The court reserved decision on plaintiffs' claim for attorneys' fees.
Subsequently, separate motions for awards of attorneys' fees pursuant to 42 U.S.C.A. § 1988 were filed by all individual plaintiffs collectively and by the union.
By order entered on December 12, 1983, the trial court granted the individual plaintiffs' motion for an award of attorneys' fees. By order entered on February 21, 1984, the court granted the union's motion for an award of counsel fees. It is from these awards that defendant appeals to this court.
The defendant asserts that plaintiffs, having prevailed solely on the basis of a state-law claim without their constitutional claim having been reached, are not entitled to an award of attorneys' fees. Section 1988 provides that:
"In any action or proceeding to enforce a provision of * * * [42 U.S.C.A. §§ 1981-1983] * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs."
This provision is applicable to federal and state courts. Maine v. Thiboutot, 448 U.S. 1, 11, 100 S.Ct. 2502, 2507-08, 65 L.Ed.2d 555, 563 (1980); O'Connors v. Helfgott, ___ R.I. ___, ___, 481 A.2d 388, 395 (1984).
This issue before this court is whether plaintiffs, who asserted a constitutional claim but prevailed entirely on the basis of a joined, nonfee, state-law claim, are entitled to an award of attorneys' fees.
Pursuant to 42 U.S.C.A. § 1988, courts have broad authority to award attorneys' fees to plaintiffs who have sought to vindicate federal constitutional and statutory rights. Smith v. Robinson, 468 U.S. 992, ___, 104 S.Ct. 3457, 3466, 82 L.Ed.2d 746, 761 (1984); Maine v. Thiboutot, 448 U.S. at 9, 100 S.Ct. at 2506, 65 L.Ed.2d at 562; Hutto v. Finney, 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522, 536 (1978). Attorneys' fees may be awarded to a prevailing plaintiff pursuant to 42 U.S.C.A. § 1988 when, in an action involving a substantial constitutional claim, the case is resolved on the basis of a wholly statutory, non-civil-rights claim arising out of a common nucleus of operative fact. Smith, 468 U.S. at ___, 104 S.Ct. at 3466, 82 L.Ed.2d at 761; Maher v. Gagne, 448 U.S. 122, 132-33 n. 15, 100 S.Ct. 2570, 2576-77 n. 15, 65 L.Ed.2d 653, 663 n. 15 (1980); Lund v. Affleck, 587 F.2d 75, 77 (1st Cir.1978). To conclude otherwise would both contravene *471 the congressional goal of encouraging vindication of constitutional rights and undermine the judicial policy of avoiding unnecessary decision of important constitutional issues. Maher, 448 U.S. at 132-33, 100 S.Ct. at 2576-77, 65 L.Ed.2d at 663 (citing Gagne v. Maher, 594 F.2d 336, 342 (2d Cir.1979)).
For purposes of awarding attorneys' fees, a litigant is a prevailing party if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit the [party] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). Clearly, the results obtained by plaintiffs fall within these parameters.
Second, in order to prevail on a request for an award of attorneys' fees, the nonfee claim upon which plaintiffs prevailed, in the instant matter plaintiffs' state-law claim, and the unresolved constitutional claim must have arisen out of a common nucleus of operative fact. Maher v. Gagne, 448 U.S. at 132-33 n. 15, 100 S.Ct. at 2576-77 n. 15, 65 L.Ed.2d at 663 n. 15. That is, the claims must be such that plaintiffs would ordinarily be expected to try them all in one proceeding. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 228 (1966). In the matter before us, both claims were based on the same underlying facts, SRS' refusal pursuant to § 602 VI(C)(2)(a) to provide GPA to strikers and their families.
Finally, plaintiffs must have presented a substantial constitutional claim. Maher v. Gagne, 448 U.S. at 132, 100 S.Ct. at 2576, 65 L.Ed.2d at 663; See Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577, 587 (1974). The standard, as employed by courts in determining the appropriateness of an award of attorneys' fees, merely requires that plaintiffs' asserted constitutional claim not be "wholly insubstantial," "obviously frivolous," "absolutely devoid of merit," or obviously without merit or unsound in view of previous court decisions that have foreclosed the subject sought to be addressed. Id. at 536-38, 94 S.Ct. at 1379, 39 L.Ed.2d at 587-88. The substantiality test does not require a finding that plaintiffs would ultimately prevail on the merits of their equal-protection claim, nor is the question of whether § 602 VI(C)(2)(a) passes constitutional muster presently before this court.
We conclude that plaintiffs' equal-protection claim meets the substantiality test. We have found no prior court decisions that would foreclose plaintiffs' constitutional claim. The defendant has not brought any such cases to our attention. Further, § 602 VI(C)(2)(a), when read in conjunction with § 602 VI(C)(2)(c), resulted in disparate treatment of two classes of persons who were equally in need of GPA.[2] Section 602 VI(C)(2)(c) permits spouses and children of persons who leave employment without good cause but for reasons other than participation in a strike to receive GPA. However, § 602 VI(C)(2)(a) precluded spouses and children of strikers from obtaining benefits.
Therefore, plaintiffs, having prevailed on a nonfee claim joined with and arising out of a common nucleus of operative fact with a substantial constitutional claim, were entitled to an award of attorneys' fees pursuant to 42 U.S.C.A. § 1988.
Finally, the defendant challenges the award of attorneys' fees to the union, contending that the union itself suffered no injury and that the work performed by union attorneys was unnecessary and duplicative of the work completed by counsel for the individual plaintiffs. The defendant also challenges the amount of counsel fees awarded to the union. We summarily dispose *472 of all of these contentions, finding each to be without merit.
For the reasons stated, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the matter is remanded to the Superior Court.
NOTES
[1] Any reference herein to SRS Manual § 602 VI(C)(2)(a) is to an earlier version of the regulation, as revised in November 1981, which provided in relevant part as follows:

"Disqualification of a Striker
Participation in a strike does not constitute good cause to leave, or to refuse to seek or accept, employment. Therefore, a person participating in a strike is ineligible to receive GPA benefits * * * (3) If the individual is a parent, assistance is denied the entire family."
The current version of § 602 VI(C)(2), as revised in December 1982, does not contain this provision.
[2] Reference herein to § 602 VI(C)(2)(c) is to the subsection entitled "Sanctions." This provision, which appeared as § 602 VI(C)(2)(c) in the November 1981 revision, has been redesignated as § 602 VI(C)(2)(b). See SRS Manual § 602 VI(C)(2)(b) (December 1982 revision).