[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION IN RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
In the above entitled action, the plaintiff, Mathies Santos, pursuant to R.C.P. 59 has moved this Court to reconsider a decision issued on February 17, 1992. In said decision, leave was given to Ms. Paula Habib, the defendant, to make changes in her property, 151-153 Rochambeau Avenue, Lot #236, Assessors Plat #6. Ms. Habib utilizes her property as a three-family dwelling, contrary to the present zoning ordinance, so her use is nonconforming. Said use, however, has been ongoing since 1950, prior to the passage of the 1953 ordinance which rezoned her area to an R2, 2 family district. Therefore, although it is nonconforming, it is legal.
The plaintiff, in his motion for reconsideration, however, disputes the above finding by this Court that Ms. Habib's use is legal. He now presents newly acquired evidence which he claims warrants a reclassification of the use of the subject property from legal to illegal. According to the plaintiff, this Court based its previous decision on its erroneous categorization of the use of the premises as legal. The plaintiff claims that since the new evidence demonstrates that Ms. Habib's use is illegal, this Court's previous decision allowing changes must be reconsidered.
This Court, in its initial decision, cited the Providence Zoning Ordinance, § 23-A-2, for authorization in allowing the defendant to effectuate proposed electrical changes in her building. § 23-A-2 states:
 Repairs and Alterations — May be made to a nonconforming building or structure provided that in a building or structure which is nonconforming as to use regulations no enlargement shall be made.
According to the above ordinance, changes may be made where a building is nonconforming. Whether the preexisting nonconforming use is legal or illegal is irrelevant. Therefore, the plaintiff's assertion that this Court based its decision on the legality of the nonconforming use is without merit. The basis for this Court's allowance of the proposed changes is that the use is nonconforming and the alterations sought to be made by the defendant conform to the ordinance in that they are not structural nor do they enlarge the premises.
Although its decision is not based on the legality of the nonconforming use, this Court nonetheless maintains that the defendant's use of the subject property as a three family is legal.
Since 1950, the defendant's property has been used as a three-family dwelling. According to evidence presented in the initial hearing, this Court was satisfied that, at that time, the above was a legal use because the property was in an area designated as a B-1 district. B-1 districts required 2,000 sq. ft. per family. Since the real estate in the instant case consists of 6,069 sq. ft, its use as a three family was clearly within the ordinance requirements and, as such, was legal.
In 1953, the area was reclassified as an R-2 zone allowing only two-family dwellings in the defendant's district. Nonetheless, the premises continued to be used as a three family and, since said use began prior to the newly enacted ordinance and conformed to the older ordinance, it was legal, though nonconforming. The plaintiff, however, disputes that the subject area was ever classified as a B-1 district. Rather, he claims it was an A1 zone up until 1953 only allowing one-family dwellings in the area. Consequently, its use before 1953 as a two family was nonconforming but legal because it began prior to the 1923 ordinance which made the area A1. However, when it began to be used as a three family, the plaintiff claims that the nonconforming use became illegal. In support of his assertion, the plaintiff has presented Resolution #506, passed in 1937. The aforementioned was a document which allowed a variance for the roof height of a garage the property owners wished to construct on the subject property. In Resolution #506, the Board made reference to the premises as existing in an A1 district.
The Court, in a nonjury civil action, may review its own decision and grant a new trial only if it finds manifest error of law in judgment previously entered or that there is newly discovered evidence that is of sufficient importance to warrant a new trial. Corrado v. Providence Redevelopment Agency,110 R.I. 549, 659, 294 A.2d 387 (1972). To constitute grounds for a new trial, newly discovered evidence must be material and due diligence must be shown. Addeo Loan Co. v. Manocchio,112 R.I. 590, 313 A.2d 649, 652 (1974). The above consists of evidence which through ordinary diligence would have been available at the trial on the ground it has been newly discovered. Id. A motion for a new trial on grounds of newly discovered evidence should not be granted unless it is material enough to probably change the outcome of the case and unless the evidence was not discoverable at the time of the original hearing by an exercise of ordinary diligence. Corrente v. Coventry, 116 R.I. 145, 147,352 A.2d 654 (1976).
As the defendants assert, the plaintiff had ample opportunity in this case to discover Resolution #506 as a matter of public record and introduce the same in his original action. However, assuming in arguendo, that the plaintiff herein could successfully convince this Court that in the exercise of due diligence he was unable to locate the resolution pre judgment, nonetheless, his plea for reclassification must fail. This Court finds that the offhand reference made in Resolution #506 to the area in question as existing in an A1 district is not sufficiently compelling to warrant a recategorization of the subject property from a legal to an illegal nonconforming use. Therefore, the plaintiff's reliance on the resolution is misplaced.
The defendants, in the initial action, introduced as evidence the 1923 ordinance, Ch. 370, #458 which established height, area and use districts. It reads in pertinent part:
. . . the City of Providence is hereby divided into five classes of use district . . . all as shown on the zoning map which accompanies this ordinance and is hereby declared to be a part hereof. The use, height and area districts hereby established. The map designations and the map designation rules which accompany said map are hereby declared to be a part thereof.
The map provided by the defendants clearly places the subject property in a B1 district. This Court finds that the zoning map is compelling evidence in support of the designation of the subject area as a B1 district. In contrast, the contrary evidence presented by the plaintiff is not material enough to warrant this Court to disregard the zoning map and reclassify the district as A1. Consequently, since B1 districts allowed 2,000 sq. ft. per family, use of the instant property as a three-family dwelling was legal and, when the new ordinance was passed, although the use was nonconforming, it remained legal.
Consequently, even if it could be argued that § 23-A-2 allows alterations only where nonconforming uses are legal, this Court would allow the defendant to make her proposed changes.
For the reasons set forth above, the plaintiff's motion for reconsideration is denied and the Court's decision of February 17, 1992 will stand. Counsel shall prepare an appropriate final judgment reflecting the Court's original rulings.