[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before this Court on motions relating to two consolidated cases: Atlantic P.B.S., Inc. PaulSobolewski v. John Long and John Long v. Atlantic P.B.S., Inc.,Paul Sobolewski. In Atlantic P.B.S., Inc. Paul Sobolewski v.John Long, the defendant (Long) moves to vacate the judgment rendered against him based on newly discovered evidence. In the second case, Long moves for attachment subsequent to judgment and for delivery of stock. Atlantic P.B.S., Inc., (hereinafter referred to as Atlantic,) and Paul Sobolewski object to both motions of Long.
I.
Case Travel/Facts
On May 10, 1994, the Superior Court entered judgments in favor of Long against Atlantic and Sobolewski in the aggregate amount of $75,595. Judgment was also entered in favor of Atlantic and Sobolewski against Long in the amount of $18,902.
On May 12, 1994, Long moved for attachment subsequent to judgment in the amount of $100,000 and for an order requiring delivery of Sobolewski's stock in Atlantic for attachment. In a May 18, 1994 hearing, this Court denied the motion, without prejudice, because under Rule 62(a) R.C.P. any and all proceedings to enforce a judgment are stayed for twenty days after its entry, and the motion to attach was premature. Long has also filed a motion to vacate the judgment against him in the case of Atlantic P.B.S., Inc., Paul Sobolewski v. John Long
based on newly discovered evidence. Atlantic and Sobolewski object to the motions filed by Long.
Subsequent to the Court's ruling on May 18, 1994, Sobolewski filed a notice of appeal to the Rhode Island Supreme Court on May 27, 1994. On or about May 31, 1994, Long filed a notice of appeal to the Rhode Island Supreme Court with respect to said judgments. This action is presently awaiting appeal.
The motions and objections before this Court will be addressed in turn.
II.
Motion to Vacate Based on Newly Discovered Evidence
Pursuant to Rule 60(b), R.C.P., Long moves to vacate the judgment against him in the case of Atlantic P.B.S., Inc., PaulSobolewski v. John Long based on newly discovered evidence.
Rulings on motions to vacate a judgment are within the sound discretion of the trial justice and will not be disturbed on appeal absent a showing of abuse of discretion. Gray v. StillmanWhite Co., Inc., 527 A.2d 737, 741 (1987). The Court may relieve a party from a final judgment because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b) R.C.P. A motion for a new trial may be made pursuant to Rule 59 within ten days after entry of judgment. After the expiration of ten days and within one year after entry, a party may seek a new trial pursuant to Rule 60(b). Kent § 60.4 at 454 (1969).
The standard for vacating a judgment due to newly discovered evidence is the same as that for a motion for a new trial pursuant to Rule 59. Kent § 60.4 at 454 (1969). The motion "should not be granted unless the newly discovered evidence is of such a material and controlling nature that it would probably change the outcome of the case and unless it was not by the exercise of ordinary diligence discoverable in time to be presented at the original hearing." Corrente v. Town ofCoventry, 116 R.I. 145, 147, 352 A.2d 654 (1976).
Long relies on a pension and profit sharing document relating to the Atlantic pension plan to support his motion. Long obtained the document through a July 7, 1994 U.S. District Court order compelling Sobolewski to produce the requested documents. The key factual issue in the case was the date that Long resigned from Atlantic. The document at issue indicates a resignation day of Long on October 1, 1994. At trial, conflicting testimony and evidence were offered to identify a resignation date. The evidence amounted to circumstantial evidence. The jury verdict indicated a support of Sobolewski's testimony at trial on this issue.
The Court is satisfied that this evidence, obtained through a U.S. District Court order is of such a "material and controlling nature as would induce a different conclusion." Corrente at 147. The document clearly indicates an October 1, 1994 resignation date for John Long. This information, if presented at trial, would have induced a different conclusion.
In addition to the new evidence being material, the Court is satisfied that the second requirement, due diligence, is satisfied. The Court finds that by due diligence the pension report was not discoverable in time to be presented at the original trial.
Supporting affidavits accompanying the motion demonstrate the efforts taken by Long, through his attorney, to obtain documents relating to the profit sharing plan of Atlantic. For four years prior to the commencement of trial, Long had requested Atlantic and Sobolowski to produce documents relating to the profit sharing plan. Records were produced as a result of an action in the U.S. District Court for Rhode Island alleging a violation of ERISA 29 U.S.C. § 1001, et seq., for refusal to provide the requested documents and information.
Clearly, Long was diligent in his efforts to obtain the information since Atlantic and Sobolewski complied only after a U.S. District Court order compelling production. This Court is satisfied that due diligence has been exercised by Long. Accordingly, the motion to vacate judgment is granted.
III.
Appellate Review
Pursuant to Rule 7 of the Supreme Court Rules of Appellate Procedure:
 The justice or judge of the Superior, Family or District Court who entered the judgment, order, decree or other determination from which review is being sought . . . may make such orders for injunction, giving bond, and the appointment of receivers, and such other orders as are needed for the protection of the rights of the parties until the appeal or petition for review shall be heard and determined by the Supreme Court, subject to modification or annulment by order of the Supreme Court upon motion. R.A.P. 7.
Thus, the trial court has the authority to make orders of protection of the rights of the parties for a case which has been appealed. "[H]owever, once a case has been docketed [with the Supreme Court] it is no longer before the trial court and that court can take no action on it until the papers are remanded there." Cavanagh v. Cavanagh, 119 R.I. 479, 485, 380 A.2d 964
(1977).
As of this date, the appeals have not been docketed, and the case is still before the trial court. Thus, this Court retains jurisdiction to consider the motion for post-judgment attachment and order for delivery of stock.
IV.
Long's Post-judgment Writ of Attachment and Order for Delivery of Stock is Granted.
Long moves to attach pursuant to R.I. Gen. Laws § 10-5-2 and Rule 4(j) (3) R.C.P.
R.I. Gen. Laws § 10-5-2 provides that a court having jurisdiction over a defendant may authorize a plaintiff to attach the defendant's assets after hearing such a motion. Rule 4(j) (3) states "the motion shall be granted only upon showing that there is a probability of a judgment being rendered in favor of the plaintiff and that there is a need for furnishing the plaintiff security in the amount sought for satisfaction of such judgment, together with interest and costs." R.C.P. 4(j)(3). Traditionally, courts have viewed attachment statutes as being in derogation of the common law and have subjected them to strict construction.Martin v. Lincoln Bar, Inc., 622 A.2d 464, 469 (1993).
In examining the requirements for attachment, the Court finds that the first requirement, the likelihood of success, has been satisfied by the judgment rendered in favor of Long. The second requirement pertains to the need for furnishing security. Attachment for security reasons is appropriate when it appears likely that the plaintiff will have difficulty enforcing a judgment. Katz Agency, Inc. v. Evening News Ass'n, 514 F. Supp. 423, 429 (1981).
Long presents three reasons for the need for security. The first regards the refusal of Sobolewski for more than eight years to pay an obligation owed to Long. At trial, Sobolewski admitted to having owed Long commissions and stock. Secondly, Long argues that the termination and liquidation of Atlantic P.B.S., Inc. gives rise to the need for security. The corporation served as the source for payment of the obligations owed to Long and the source of Sobolewski's employment. Finally, Long argues that the need for security arises from the fact that two creditors have previously obtained attachments against Sobolewski in Massachusetts courts.
The Court is satisfied that the need for security has been demonstrated. Arguably, each factor standing alone would give rise to the need for security. Clearly due to the combination of reasons, Long will have difficulty enforcing a judgment if a writ of attachment is not instituted against Mr. Sobolewski. Accordingly, the motion for post-judgment attachment is granted.
Long also requests that Sobolewski deliver his stock in Atlantic P.B.S. Inc. for attachment. Stock is an appropriate piece of property to be attached. R.I. Gen. Laws § 9-26-24
provides that stocks shall be "liable to be levied on by execution duly obtained, like other personal property." Further, R.I. Gen. Laws 6A-8-317(6) allows for a creditor to seek aid from the court to reach a security or satisfy a claim. Accordingly, the Court grants the motion for an order that stock be delivered for attachment.
Counsel shall submit the appropriate judgment for entry.