Lori Ann MEDEIROS

v.

RHODE ISLAND PUBLIC TRANSIT AUTHORITY and John Bailey.

No. 97–208–Appeal.

Supreme Court of Rhode Island.

May 29, 1998.

Katherine Merolla, Providence, for Plaintiff.

James E. Kelleher, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Court for oral argument May 6, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendants, Rhode Island Public Transit Authority (RIPTA) and John Bailey, have appealed from a judgment entered in the Superior Court in the sum of $520,147.74 in favor of plaintiff, Lori Ann Medeiros. This judgment was entered pursuant to a wrongful-death action that had been brought by plaintiff as a result of a fatal collision that occurred on January 15, 1988, between an automobile operated by her husband, Michael A. Medeiros (the decedent), and a RIPTA bus operated by defendant John Bailey. On January 15, 1988, the decedent was operating his automobile directly behind his wife's car. Both were proceeding in a southerly direction on Pawtucket Avenue in the City of Pawtucket. The plaintiff was confronted by a RIPTA bus that was traveling north on Pawtucket Avenue. She stated that the bus suddenly came into her lane of traffic and sideswiped her vehicle even though she had pulled over as far to the right as she was able to do. After sideswiping her vehicle, the bus collided head-on with the decedent's car. Her husband was killed in this collision.

In passing upon a motion for new trial, the trial justice found that the RIPTA bus first sideswiped the vehicle driven by plaintiff and then struck the decedent's vehicle head-on. Relying upon the testimony of plaintiff and also on the testimony of her expert witness, whom the trial justice found credible, the trial justice found that a conclusion could be reached that at some point immediately prior to or at the point of impact, the bus had swerved out of its own lane.

We are of the opinion that the trial justice did not err in denying the motion for judgment as a matter of law. He viewed the evidence in the light most favorable to plaintiff, as he was required to do, and drew all reasonable inferences in her favor. *Long v. Atlantic PBS, Inc.*, 681 A.2d 249, 252 (R.I. 1996). In denying this motion, the trial justice was correct, and he properly submitted the issues of fact to the jury. The jury returned a verdict finding defendants' negligence a 70 percent contributing factor to the accident and the decedent 30 percent responsible for the accident.

In denying the motion for new trial based on newly discovered evidence, the trial justice's findings were adequately supported by the record. The newly discovered evidence related to the color of the decedent's car. The trial justice correctly found that conflicting evidence relating to the color of the automobile (brown or green) was appropriately presented at the trial and that any further evidence that might have been newly discovered was merely cumulative.[1] He further specifically found that such evidence was not really newly discovered since it came from family members of the decedent and could have easily been discovered prior to trial. One of the necessary predicates to establishing a claim of newly discovered evidence is that such evidence would not have been discovered through the exercise of reasonable diligence at or prior to the trial. *Addeo Loan Co. v. Manocchio*, 112 R.I. 590, 597–98, 313 A.2d 649, 653 (1974).

---

1. An examination of the transcript indicates that the color of the decedent's car could be perceived as either brown or green depending on the lighting conditions under which the car was seen.

The defendants also challenge a ruling by the trial justice that a statement allegedly made by plaintiff to a physician while she was in the hospital and later recorded by a police officer in his report was inadmissible as hearsay. The statement was clearly hearsay as part of the officer's report. The physician to whom the admission by plaintiff had allegedly been made had no recollection of the statement. This statement, if testified to by the physician, would have been an admission of a party opponent that would have been admissible pursuant to Rule 801(d)(2) of the Rhode Island Rules of Evidence. However, such a statement as contained in the officer's report was clearly hearsay and would be admissible only under the residual exception set forth in Rule 804(b)(5). This admission would have required a determination of circumstantial guarantees of trustworthiness. The trial justice commented adversely on the trustworthiness of this evidence. Among other elements mentioned was the fact that plaintiff was in a state of hysteria when she was taken to the hospital and allegedly gave this statement to a physician. In applying this residual exception, a trial justice is given considerable discretion. *Estate of Sweeney v. Charpentier*, 675 A.2d 824, 827 (R.I.1996). A ruling of a trial justice will not be disturbed unless it is clearly erroneous. In holding this evidence to be inadmissible, the trial justice acted well within the bounds of a reasonable exercise of discretion.

We have considered other issues raised by the defendants, including the issue of the exclusion of photographs purporting to show skid marks on the highway. These photographs were taken the day after the accident had occurred. We are of the opinion that these issues are without merit.

In summary we are of the opinion that all rulings made by the trial justice were either correct or not clearly wrong. Consequently the appeal of the defendants is denied and dismissed, and the judgment entered in the Superior Court is hereby affirmed.