DECISION
Before this Court are Capital Properties, Inc.'s (plaintiff) Motion for Costs and Attorneys' Fees and the City of Providence's (defendant) Cross-Motions to Vacate Judgments.
 Facts/Travel
These cases involve associated disputes among the plaintiff, the defendant and the State of Rhode Island. The issues among the parties include: 1) the payment by the defendant and State of a Superior Court condemnation award in favor of the plaintiff; 2) the purported assessment by the defendant of taxes on other property owned by CPI, using the Superior Court's valuation method from the preceding condemnation case; and 3) the Providence Redevelopment Agency's condemnation proceeding against Parcel No. 9. All of these issues were resolved by the entry of summary judgments in the Superior Court.
On order of remand and consolidation from the Supreme Court, the Superior Court, Providence County, Thomas H. Needham, J., entered summary judgment for CPI (plaintiff) and partial summary judgment for the State. The State and plaintiff appealed Justice Needham's combined holdings. The Supreme Court adopted the decision of Justice Needham, affirming the holdings in their entirety. Thus, the State was ordered to pay its 50% share of the condemnation award, and the defendant was ordered to pay to the State complete reimbursement for the State's payment to plaintiff of the defendant's share of the condemnation award.
The plaintiff now seeks reimbursement for the reasonable costs and attorneys' fees expended in prosecuting its claim against the defendant. On the other side, the defendant seeks to vacate Justice Needham's decision of July 9, 1999 pursuant to Super. Ct. R. Civ. P. 60(b).
 Costs and Attorneys' Fees
Plaintiff argues that it is entitled to costs and attorneys' fees. "The general rule in Rhode Island governing the recoverability of attorneys' fees is that absent specific statutory authority or contractual liability therefore, counsel fees may not be taxed as part of the costs of litigation." Quill Co., Inc. v. A.T. Cross Co., 477 A.2d 939, 943 (R.I. 1984). The plaintiff presents four reasons in support of its argument for attorneys' fees: 1) The precedent set in Union Station Associates v. Rossi, C.A. No. 97-5511, November 26, 1999, Needham, J.; 2) The provisions of G.L. 1956 § 44-7-12(b); 3) The Interests of Justice. 4) The provisions of 42 U.S.C. § 1988. In response to plaintiff's motion, the defendant contends that: 1) It has not yet been decided "whether attorney fees are actually going to be awarded in Union Station, etc." Defendant's Brief at 8; 2) G.L. 1956 § 44-7-12(b) is a remedy only available to a tax collector; 3) Attorneys' fees based upon42 U.S.C. § 1988 are premature because those claims have not yet been litigated. Each of these issues will be discussed seriatim.
Union Station Associates v. Rossi, C.A. No. 97-5511, November 29, 1999, Needham, J. — Paragraph 7 of this order states: "The Plaintiffs are awarded attorneys' fees and costs from the City necessitated by and/or related to the Illegal Tax and the prosecution of this claim. The Plaintiffs shall submit a demand for attorneys' fees with all necessary supporting documentation and the Court shall schedule a hearing to review and award a sum certain to Plaintiffs in furtherance of this Order." Thus, contrary to the defendant's assertion, Judge Needham has already awarded attorneys' fees and costs to the plaintiff in Union Station Associates. That case is presently before Judge Silverstein to set the amount of attorneys' fees.
The plaintiff argues that this Court "should give deference to Justice Needham's decision [in Union Station Associates] as law of the case." Plaintiff's Brief at 12. The "law-of-the-case" doctrine in Rhode Island dictates that "after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." Richardson v. Smith,691 A.2d 543, 546 (R.I. 1997) (citing several Rhode Island cases as precedent)). The Supreme Court has noted:
 "Although this law-of-the-case doctrine does not have the finality of res judicata, `it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function.' " Id. (citing Salvadore v. Major Electric Supply, Inc., 469 A.2d 353, 356 (R.I. 1983) (quoting Payne v. Superior Court, 78 R.I. 177, 184-85, 80 A.2d 159, 163 (1951)).
While the matter before this Court does not fall squarely within the law-of-the-case doctrine, the plaintiff contends that this doctrine is applicable in related cases, such as the Union Station Associates and Capital Properties, Inc. cases. Though the law-of-the-case doctrine may be a persuasive legal theory in the matter before this Court, the doctrine of stare decisis is more applicable.
Black's Law Dictionary defines stare decisis as:
 "To abide by, or adhere to, decided cases.
 Policy of courts to stand by precedent and not to disturb settled point." Justice Needham incorporated his findings of fact from his CPI decision into his order in the Union Station case. (Tr. at 9-10.) Also, he pointed out that "if the CPI case is upheld [and it was on December 2, 1999 by the Supreme Court], the issues that [the defendant] raise[s] in [Union Station] are moot." (Tr. at 15.) Furthermore, he stated, "I do believe there is a need for consistent rulings in these cases; and I do believe, when the Presiding Justice sent it to me, it was with the idea there would be a consistent ruling, and I see no other way to go." (Tr. at 21.) (referring to the CPI and Union Station cases)). Finally, Justice Needham ordered the defendant to "comply with the judgment of the Court dated July 9, 1999 and the decision dated July 13, 1999 entered in the CPI case." (Tr. at 13.) Due to the factual and legal similarities between the Union Station and CPI cases, Justice Needham's order, which awarded attorneys' fees and costs to the plaintiffs in the Union Station case, is relied upon as precedent in the present matter.
G.L. 1956 § 44-7-12(b) —
Section 44-7-12(b) of the Rhode Island General Laws states:
 "The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from the collection of a municipal tax levy in which the court:
 (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
 (2) Renders a default judgment against the losing party."
The defendant argues that this statute applies only to tax collectors. The plaintiff concedes that § 44-7-12(a) applies only to tax collectors, but points out that § 44-7-12(b) clearly applies to "the prevailing party". In interpreting the statute in question, this Court reviews its recent legislative history.
On July 12, 1990, the General Assembly amended RIGL § 44-7-12 to read as follows:
 44-7-12. Action for recovery of tax. —
 "The collector of any tax may recover the amount thereof in an action against the person taxed, if a resident of this state, and in the complaint it shall be sufficient to set forth that the action is to recover a specified sum of money, being a tax assessed against the defendant, specifying the town in which the tax was assessed and the time of ordering and assessing the tax. [existing language.]
 The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from the collection of a municipal tax levy in which the court: (a) finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or (b) renders a default judgment against the losing party." [added language.] See 1990 R.I. Pub. Laws Ch. 371, § 1.
Three years later the "if a resident of this state" clause was removed from this statutory section.
See 1993 R.I. Pub. Laws Ch. 370. Finally, the 1995 Reenactment added the subsection designations and redesignated the subdivisions within subsection (b). See 1995 R.I. Pub. Laws Ch. 323, § 1.
This Court recognizes that a previous version of Section 44-7-12 of the Rhode Island General Laws simply provided a cause of action to tax collectors prior to the amendment of 1990. See generally Langton v. Brady Elec. Co., 216 A.2d 134, 100 R.I. 366 (1966); Ramsden v. Ford,143 A.2d 697, 88 R.I. 144 (1958). However, this Court finds the language added in 1990 and codified presently at RIGL 44-7-12(b) to be clear and unambiguous regarding the award of attorneys' fees.
Justice Needham found, as affirmed by the Supreme Court that "there are no genuine issues of material fact in dispute between the parties . . . ." Capital Properties, Inc. 749 A.2d at 1085. Additionally, Justice Needham found "the tax assessments made by the [defendant] against [plaintiff] to be selective, arbitrary, and illegal." Id. (emphasis added.) In furtherance of its abusive actions, the defendant sent plaintiff notices of a Tax Sale at Public Auction to collect the alleged back taxes and accrued interest owed. Id. at 1077. Because of Justice Needham's finding that defendant's taxation of plaintiff was "selective, arbitrary, and illegal", and since the plaintiff prevailed in that action, this Court finds that plaintiff is entitled to attorneys' fees pursuant to the plain language of G.L. 1956 § 44-7-12(b).
 Interests of Justice —
The plaintiff urges this Court to use its "inherent power" to award attorneys' fees in the interests of justice. The plaintiff cites three Supreme Court cases in which such power has been utilized. The lead case in this series is Vincent v. Musone, 574 A.2d 1234 (R.I. 1990). In that case, the Supreme Court exercised "its inherent power to fashion an appropriate remedy that would serve the ends of justice . . . ." In its reply memorandum the defendant has failed to respond to the plaintiff's assertion that this Court can exercise its "inherent power" to award attorneys' fees in the interests of justice. In view of Justice Needham's finding that "the tax assessments made by the [defendant] against [plaintiff are] selective, arbitrary and illegal," this Court can reasonably exercise its "inherent power" to award attorneys' fees in the furtherance of justice. See Capital Properties, Inc. 749 A.2d at 1085.42 U.S.C. § 1988 —
The defendant contends that any grant of attorneys' fees based upon this federal statute must await the litigation of those claims. While the plaintiff does acknowledge that its civil rights claims were severed from this case and have not been litigated yet, it argues that this "Court has authority to award attorneys' fees under 42 U.S.C. § 1988
without actually trying the Section 1983 claims." Plaintiff's Reply Brief at 4. To prevail under this section of the federal statute the party requesting reimbursement must show that it asserted a federal constitutional or statutory right covered by 42 U.S.C. § 1983. Int'l Ass'n of Machinists and Aerospace Workers v. Affleck, 504 A.2d 468, 470 (R.I. 1986). The authority for the court to impose attorneys' fees against the losing party exists even if the court never addresses the constitutional or statutory rights issues, so long as those claims arise out of the same nucleus of common facts. Id. at 470-71. Since the plaintiff did in fact assert constitutional claims in counts V-VII of its complaint, it is entitled to attorneys' fees under 42 U.S.C. § 1988.
There is ample authority for this Court to rely upon Justice Needham's order in the Union Station case as precedent. Additionally, the plaintiff is entitled to the remedies provided by G.L. 1956 §44-7-12(b) and 42 U.S.C. § 1988. Finally, this Court can reasonably exercise its "inherent power" to award attorneys' fees in the interests of justice.
 Defendant's Rule 60(b) Motions to Vacate Judgments
The defendant's cross-motions to vacate judgments rely on R.C.P. 60(b). Rule 60(b) states in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . (6) any other reason justifying relief from the operation of the judgment . . . ."
In support of its motion, defendant argues that these judgments should be vacated due to newly discovered evidence and/or due to Justice Needham's alleged mistakes.
The opportunity to challenge the trial judge's alleged mistakes was on appeal. In defendant's view, "the Supreme Court merely rubber-stamped Judge Needham's actions." Defendant's Response Brief to Plaintiff's Objection Brief at 2. However, the Supreme Court has already considered defendant's appeal and decided "that for the reasons stated in the opinion of Justice Needham the appeals by the state, the city, and the Providence Redevelopment Agency are without merit. We adopt the opinion of Justice Needham as our own . . . ." 1999 WL 1086860, Capital Properties, Inc. v. State, at 1 (R.I. 1999) (emphasis added). "Relief from judgment under [R.C.P. 60(b)(6)] is appropriate only in `unique circumstances' where application of the rule would `prevent manifest injustice.' " 1991 WL 789924, Bailey v. Tamburro, (R.I. Super. 1991) (quoting Vitale v. Elliot, 387 A.2d 1379, 1382 (R.I. 1978)). Consequently, the defendant's contention, that these judgments should be vacated because of Justice Needham's alleged errors, is unavailing.
The standard for vacating a judgment due to newly discovered evidence is the same as that for a motion for a new trial pursuant to Rule 59. The motion "should not be granted unless the newly discovered evidence is of such a material and controlling nature that it would probably change the outcome of the case and unless it was not by the exercise of ordinary diligence discoverable in time to be presented at the original hearing." Corrente v. Town of Coventry, 116 R.I. 145, 147, 352 A.2d 654, 655 (1976). Essentially, R.C.P. 60(b)(2) sets out a two-part test: 1) the evidence must be newly discovered, and 2) said evidence was not discoverable by the exercise of due diligence. Additionally, the Corrente case requires that the new evidence be "of such a material and controlling nature that it would probably change the outcome of the case . . . ." Therefore, a motion to vacate a judgment based upon newly discovered evidence must satisfy all three elements cited above.
The defendant has asserted three items of "newly discovered evidence": 1) Justice Needham's alleged contradictory statement at the Union Station hearing; 2) The letter from FC Acquisition Associates, LLC to the City of Providence, explaining that FC Acquisition had not yet exercised its option to lease the subject property; 3) The passage of time in regard to the subject properties. The defendant argues that Justice Needham's findings in the Union Station cases constitute newly discovered evidence. In those subsequent cases the defendant points out that Justice Needham stated: "As I said in CPI, . . . I did not know that any other taxpayers were similarly situated as CPI . . . ." However, footnote 6 of Justice Needham's decision in Capital Properties, Inc. v. State states:
 "The Court notes that other owners of real property located in the Capital Center District also may have been assessed real estate taxes solely based upon the $110.00 per square foot fair market value determination of the Superior Court; however, the parties do not present sufficient facts to support such a conclusion. This Court concludes that such factual proffers would not change the legal determinations contained herein." (emphasis added.)
Even if Justice Needham's statement during the Union Station cases constitutes new evidence that could not have been discovered by due diligence, footnote 6 clearly shows that defendant's "new evidence" is not of such a "material and controlling nature that it would probably change the outcome of the case. . . ." Corrente, 352 A.2d at 655.
Next, the defendant contends that the letter from FC Acquisition is "newly discovered evidence" supporting its motions to vacate. The plaintiff points out that the defendant had a copy of the "Memorandum of Lease" between CPI and FC Acquisition long before summary judgment entered, and that the defendant made this same "newly discovered evidence" argument before the Supreme Court on appeal. Paragraph three of the Memorandum specifically provides that the lease would commence at a date in the future. Unlike plaintiff, the defendant apparently failed to make adequate discovery prior to the entries of summary judgment. Unfortunately, the defendant's recent understanding that FC Acquisition had not yet exercised its lease option could have been determined from a closer examination of the Memorandum itself in the beginning. This Court finds that defendant has not passed the "due diligence" test in regard to this "new evidence."
Finally, the defendant argues that the passage of time has revealed an undeveloped Parcel 9, which is contrary to the original intentions of the City, State and Federal governments when they invested more than $100 million dollars in the Capital Center District. The defendant asserts that the only development which has taken place on Parcel 9 is the 10 days or so per year that the Gravity Games set up temporary seating. Regardless of the defendant's criticisms about the development of Parcel 9, such proffered "newly discovered evidence" is certainly not that which R.C.P. 60(b) contemplates as material enough to probably change the outcome of the proceedings. See Corrente, supra.
Accordingly, the plaintiff's motion for costs and attorneys' fees is granted, and the defendant's motions to vacate judgments are denied. This matter shall be scheduled forthwith for a hearing to set an appropriate amount of costs and attorneys' fees.
Counsel shall prepare an appropriate order for entry.